G. A. HEINLEN ET AL., PETITIONERS, *v.* J. T. SULLI-
VAN ET AL., JUDGES, ETC., RESPONDENTS.

POLICE COMMISSIONERS — APPOINTMENT — JUDICIAL POWERS — CONSTITUTIONAL CON-
STRUCTION. — The power of appointing police commissioners of the city and
county of San Francisco, vested in the judges of certain district courts by the
Act of April, 1878, was not a judicial power, and did not pertain to the judicial
system of the State. Such power was not continued in force by section 11 of
article xxii. of the new Constitution, and does not devolve upon the judges of
the Superior Court of the city and county of San Francisco.

PETITION for a writ of mandate, commanding the respond-
ents, as judges of the Superior Court of the city and county of
San Francisco, to appoint a board of police commissioners for
the city.

The facts are sufficiently stated in the opinion of the court.

*Heinlen,* and *Baggett,* for Petitioners.

PER CURIAM. — Conceding that the terms of office of the
police commissioners of the city and county of San Francisco
have expired, the power of appointment does not devolve upon
the judges of the Superior Court for the city and county afore-
said.

The power of appointment of the commissioners referred to
vested in the judges of the fifteenth, twelfth, and fourth judi-
cial districts of this State by the Act of April, 1878, was not a
judicial power, and did not pertain to the judicial system of the
State; consequently it was not continued in force by section 11
of article xxii. of the Constitution now in force, and the power
of appointment in question did not devolve upon the superior
judges above mentioned.

Application for writ of mandate denied.