## PEOPLE ex rel. DOUGHERTY v. BOARD OF ELECTION COMMISSIONERS, etc.

### No. 9310; March 17, 1884.

#### 3 Pac. 412.

Municipal Corporations.—The Office of "Supervisor, First Board," does not exist in the city and county of San Francisco.[1]

John J. Coffey for appellant; Wm. Craig for respondent.

MYRICK, J.—The petitioner, at a general election held in the city and county of San Francisco, November 7, 1882, received votes for supervisor, first board, and he claims that under the clause of section 7, article 11, of the constitution of 1879, which reads as follows: "In consolidated city and county governments of more than one hundred thousand population, there shall be two boards of supervisors or houses of legislation," etc., he was elected a member of the first board of supervisors, and is entitled to a certificate of election; that the clause above quoted is self-executing and requires no legislation. The court below held that the office for which the votes were cast does not exist in said city and county. This court had occasion to consider this question in Desmond v. Dunn, 55 Cal., and its views thereon will be found on pages 248, 249. The consolidation act of the city and county of San Francisco will (so far as the present question is concerned) remain in

[1] Cited and followed in People v. Gunst, 110 Cal. 452, 42 Pac. 964, denying the contention of the petitioners there who claimed to be elected members of such "first board."

Cited, approved and followed in People v. Pond, 89 Cal. 143, 26 Pac. 649, holding that the office of supervisor of the first board does not exist in San Francisco.

force until changed or superseded by proceedings under article 11 of the constitution.

Judgment affirmed.

We concur: Thornton, J.; Sharpstein, J.; Ross, J.; McKinstry, J.; Morrison, C. J.