[No. 9,799. In Bank.—April 27, 1885.]

## THE PEOPLE, EX REL. WILLIAM H. HINTON, APPELLANT, *v.* RICHARD P. HAMMOND, RESPONDENT.

POLICE COMMISSIONERS OF SAN FRANCISCO—TERM OF OFFICE—VACANCY—APPOINTMENT BY GOVERNOR—CONSTITUTIONAL CONSTRUCTION.—Under the act of April 1, 1878, the respondent and two others were appointed by the district judges named in the act, police commissioners of the city and county of San Francisco. No term of office was fixed by the act. By the constitution of 1879, the district courts were abolished, and a new judicial system established, with no specific provision for the exercise of the powers imposed upon the judges of the district court by the act of 1878. On August 1, 1884, the relator was appointed by the governor to the office of police commissioner in place of the respondent, and instituted this action to try his title under the appointment. *Held*, that he was not entitled to the office.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was *quo warranto*. The remaining facts are stated in the opinion of Mr. Justice Myrick.

*Joseph Leggett*, and *Mich. Mullany*, for Appellant.

*Alfred Clarke*, for Respondent.

MYRICK, J.—Under the act of April 1, 1878.(Statutes 1877, –8, p. 879), the respondent and two others were appointed by the district judges named in the act, police commissioners for the city and county of San Francisco. No term of office was fixed in the act, nor was any authority given to the judges, after making the appointments, except to fill vacancies. By the constitution of 1879, the judges of the district courts were superseded under the new judicial system, but the powers above stated were not vested in any person or body.

On the 1st day of August, 1884, the relator received from the governor an appointment to the office of commissioner, in place of the respondent, and this proceeding is for the purpose of having his right to the office adjudicated.

It is not denied that the act of April 1, 1878, constituted a portion of the charter of the city and county of San Francisco at the time the constitution of 1879 went into effect. It is claimed by the relator that under section 16 of article xx, and section 8 of article v, of the constitution, the office of police commissioner became and continued vacant on and after four years from the date of respondent's appointment, and that the governor had power to fill such vacancy, and did fill it by the appointment of the relator.

It has been held by this court, that under the constitution the charter of the city and county of San Francisco remains in force, until changed in the manner provided for in the constitution, except in such parts as conflict with the provisions of the constitution. By section 16, article xx., *supra,* it is made the duty of the legislature to declare by law the term of any officer or commissioner, when the term is not provided for in the constitution. By the same instrument it is made the duty of

the legislature to provide for the election or appointment, in the several counties, of various officers, and to provide, by general laws, for a system of county governments. In obedience to this requirement, the legislature has, so far as it may, made such provision (act of March 13, 1883, entitled, "an act for the organization, incorporation, and government of municipal corporations"), which act assumes to make provision for the selection of police commissioners; and it now rests with the people of the city and county to determine by their votes whether :

1.    They will become organized under the act of March 13, 1883 ; or whether

2.    They will frame a charter under the "fifteen freeholder" clause of the constitution ; or whether

3.    By non-action they will abide by the charter as it existed when the present constitution went into effect.

Such being the case, there is not such a vacancy as is contemplated by the constitution, and the relator is not entitled to hold the office.

It is argued by the respondent that there is no vacancy, within the meaning of the constitutional power of appointment by the governor, and that a vacancy will not occur until the happening of one of the events mentioned in section 996, Political Code. If the legislature may conclusively define the meaning of the word " vacancy," the argument may be well based ; but we are not prepared to say that we are limited to the enumerated events.

It is a serious question whether section 8 of article v of the constitution has application to local offices; or, at least, whether it has application to the office of police commissioner. We observe the words : When any office shall become vacant, etc., the governor may fill the vacancy " by granting a commission, *which shall expire at the end of the next session of the legislature, or at the next election by the people.*" By a strict reading of the section, the only commission which the governor is authorized to grant would expire at the end of the next session, or at the next election ; and, as the relator's commission was granted in August, 1884, and there was an election by the people in November, 1884, such commission has expired ; or, if it did not then expire, it expired at the end of the recent session of the legislature. It might well be asked, Under which of

these conditions as to time of expiration was the relator's commission issued?   What has the election by the people or the end of the session to do with any office to which the people do not elect, or to which the legislature does not, by any law now existing, confirm appointment?   Shall we give force to the first part of the section, and entirely ignore the last clause?   These suggestions are made for the purpose of showing the doubt there is in the application of this section to the office in question, and for the purpose of showing the uncertainty which exists as to some of the provisions of the instrument, which declares itself to be, in all its provisions, prohibitory and mandatory.

The judgment of the court below is affirmed.

SHARPSTEIN, J., concurring.—I concur in the affirmance of the judgment.

Nothing is better settled by the decisions of this court, than that there is no vacancy in an office, so long as the person elected or appointed to fill it continues to discharge the duties pertaining to it.   The reason why a vacancy cannot occur under such circumstances is, that " Every officer must continue to discharge the duties of his office, although his term has expired, until his successor is elected and qualified."   (Pol. Code, § 879.)

The power to appoint a police commissioner is not directly conferred on the governor.   Therefore, he could not appoint a " successor " of such commissioner, and the incumbent must continue to discharge the duties of *his* office until *his* successor is elected and qualified.   Under such circumstances, it has been repeatedly held by this and other courts that there can be no vacancy, because the law declares that the incumbent *must continue to discharge* the duties of his office until his successor is elected and qualified.   The incumbent has no right to deliver the office to any other than a successor so elected.   In case of the death, removal, or resignation of an officer, a vacancy occurs, which the governor may fill by appointment, unless the law provides some other way.   But the bare expiration of the term of an office does not create a vacancy; and until there is a vacancy the governor has no power to appoint any one to an office, unless such power is expressly conferred on him.   (*Peo-*

*ple* v. *Tilton*, 37 Cal. 614; *Stratton* v. *Oulton*, 28 Cal. 45; *People* v. *Bissell*, 49 Cal. 407.)

MORRISON, C. J., concurred.

McKINSTRY, J., and ROSS, J., concurred in the judgment.

McKEE, J., and THORNTON, J., dissented.

Rehearing denied.