[No. 14194.  In Bank. — May 19, 1891.]

THE PEOPLE EX REL. FRANK M. PIXLEY ET AL.,
PETITIONERS, *v.* EDWARD B. POND ET AL., DEFEND-
ANTS.

SAN FRANCISCO — OFFICE OF SUPERVISOR — ELECTION — CONSOLIDATION
ACT. — The office of supervisor of the first board of supervisors does not
exist in the city and county of San Francisco, but that city is governed,
as to the election of supervisors, by the consolidation act, which was not
superseded by the constitution.

ID. — OFFICE OF POLICE COMMISSIONER — ELECTION — APPOINTMENT. — The
office of police commissioner of the city and county of San Francisco is
not an elective office, and such commissioners are properly appointed
under the provisions of the act of April 1, 1878, which is part of the
local charter, and is in force under the new constitution.

APPLICATION to the Supreme Court for a writ of *man-
damus*. The facts are stated in the opinion of the court.

*N. S. Wirt*, for Petitioners.

The petitioners elected as supervisors are entitled to
certificates of election. (Const., art. 11, sec 7.) The
petitioners elected police commissioners are entitled to
certificates of election. (Const., art. 20, secs. 4, 16.)

*Davis Louderback*, and *Dorn & Dorn*, for Defendants.

The office of police commissioner of the city and
county of San Francisco is not an elective office. (*Staude*
v. *Board of Election Commissioners*, 61 Cal. 313; *People* v.
*Alvord*, 4 West Coast Rep. 78.) The police commis-
sioners were appointed under the act of April 1, 1878.
(See Stats. 1877–78, p. 879.) It is an appointive office.
This act is part of the charter or consolidation acts and
amendatory or supplemental acts of the city and county
of San Francisco. There is no law providing for an
election. There has been no vacancy in the office.
(*People ex rel. Hinton* v. *Hammond*, 66 Cal. 655; *Hein-
len* v. *Sullivan*, 64 Cal. 378.) The office of supervisor of
first board of supervisors for four years does not exist

in the city and county of San Francisco. (*People ex rel. Dougherty* v. *Board of Election Comm'rs*, 2 West Coast Rep. 366; *Desmond* v. *Dunn*, 55 Cal. 249.) The consolidation act, and acts amending or supplementing the same, provide for only one board of supervisors. (See act of April 19, 1856, Stats. 1856, p. 148, secs. 5, 6; act of April 29, Stats. 1857, p. 345; act of April 22, Stats. 1861, p. 214; act of May 3, Stats. 1861, p. 291; act of May 2, Stats. 1862, p. 475; act of April 2, Stats. 1865–66, p. 718; act of March 30, Stats. 1871–72, p. 729; Pol. Code, sec. 4109; Stats. 1881, p. 74.) The clause in section 7 of article 11 of the constitution, as to two boards of supervisors, only applies in case a new charter is framed and adopted. The consolidation act, with the acts amendatory and supplemental thereto, remain in force, so far as the present questions are concerned, as they have not been changed or superseded by any proceedings had under the constitution. (*Desmond* v. *Dunn*, 55 Cal. 242; *People ex rel. Dougherty* v. *Board of Election Comm'rs*, 2 West Coast Rep. 366; *People* v. *Hammond*, 66 Cal. 655.)

PATERSON, J. — This is an application for a writ of mandate to compel the respondents — the registrar and board of election commissioners — to count the votes in certain precincts of the city and county of San Francisco, alleged to have been cast for candidates to fill the office of supervisor for the first board of supervisors, and also those cast for candidates for the office of police commissioner. The first twelve petitioners named herein were candidates for the office of supervisor, and the last three named were candidates for the office of police commissioner. It is alleged that every one of the petitioners received about fifteen hundred votes, and was elected to the office for which he was a candidate, there being no opposing candidate; and petitioners ask that the respondents be required, after counting the votes, to declare the result, and to issue certificates of election accordingly.

The questions argued by counsel for petitioners are not new. They may not have been presented so forcibly or with as great perspicuity before, but they have been determined adversely to the contentions of the petitioners, after careful consideration of the constitutional and statutory provisions germane to the subject, and we feel constrained to adhere to the construction heretofore adopted. The contention of petitioners who claim to have been elected as members of the first board of supervisors has been settled adversely to them by the decisions in *Desmond* v. *Dunn,* 55 Cal. 248, 249, and *People* v. *Board of Election Commissioners,* 2 West Coast Rep. 366; and the claim of the others, by the decisions in *Staude* v. *Board of Election Commissioners,* 61 Cal. 313; *Heinlen* v. *Sullivan,* 64 Cal. 378; and *People* v. *Hammond,* 66 Cal. 655. The effect which a decision overruling those cases would have upon municipal proceedings for over ten years past is so apparent, that it is unnecessary for us to point out the reason why we should adhere to the decisions referred to,— at least so far as the board of supervisors is concerned,— even though we should believe that they were based upon an erroneous construction of the provisions involved. And although the rule applies with less force to the case of the police commissioners, no good reason has been shown why the decisions heretofore rendered should be departed from. If the principle is wrong, or the system works unsatisfactorily, the remedy remains with the people.

Writ denied.

HARRISON, J., DE HAVEN, J., GAROUTTE, J., McFARLAND, J., and BEATTY, C. J., concurred.