[No. 14046.   Department One. — February 2, 1892.]

THE PEOPLE, ETC., EX REL. T. J. PARSONS, RESPONDENT, v. FRANK G. EDWARDS, APPELLANT.

OFFICE — FIRE COMMISSIONER — APPOINTMENT BY GOVERNOR — ABOLITION OF APPOINTING POWER — RIGHT TO HOLD OVER. — Under the act of March 28, 1878, if still in force, the governor has no power to appoint a fire commissioner to succeed one whose term has expired under appointment of the judge of the county court or of the municipal criminal court, whose appointing functions were superseded by the constitution of 1879, and not vested in any other person or tribunal, but the officer so appointed holds over, under the terms of the act, until his successor is appointed and qualified.

ID. — FIXED TERM — HOLDING OVER — DEFEASIBLE TERM — POWER OF GOVERNOR TO APPOINT. — Where the term of an office is fixed and determinate, a provision requiring the officer to continue "to discharge the duties of his office, although his term has expired, until his successor has qualified," adds an additional, contingent, and defeasible term to the original fixed term, and excludes the possibility of a vacancy, within the appointing power of the governor, except in case of death, resignation, ineligibility, or the like; and the office is held by the same title, or by as high and lawful tenure, after the prescribed term, until the title of a duly elected and qualified successor, at least, as before and during the term.

ID. — CONSTRUCTION OF CONSTITUTION — VACANCY. — Under section 8 of article V. of the constitution, providing that "when any office shall from any cause become vacant," the governor shall have power to fill the vacancy if no other mode is provided for, the office must have become vacant by the resignation or death of the incumbent, or some other event by which the duties of the office were no longer discharged, before the executive function of appointment can be called into existence.

ID. — HOLDING AFTER TERM — APPOINTMENT WITHOUT CONSENT OF SENATE. — Where an officer continues to discharge the duties of the office after the expiration of his term, and before the qualification of his successor, there is no vacancy in the office, in the absolute sense, nor in any sense, which would authorize the governor to fill it without the consent of the senate first had.

ID. — LIMITATION OF TENURE — INTENTION OF LEGISLATURE — RIGHT TO HOLD OVER. — A statute or constitution may show an intention to fix and limit precisely the tenure of an officer, so that at a particular time his authority will cease, although an absolute vacancy and absence of authority result therefrom; yet, unless such intention appears, the officer is entitled to exercise the functions of his office until another person is qualified to assume them.

ID. — CONSTITUTIONAL LIMITATION OF TERM. — Section 16 of article XX. of the constitution, providing that the term of an officer not provided for in the constitution may be declared by law, but that in no case shall the term exceed four years, does not forbid a holding over until a successor has been chosen and has qualified, but merely limits the incumbent's term by election or appointment.

Id. — Re-enactment of Constitutional Provision — Construction. — Section 16 of article XX. of the constitution being a re-enactment of section 7 of article XI. of the old constitution, and being substantially the same as it was in the former constitution, must be construed in the same way.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Spencer & McEnerney,* for Appellant.

*Ex-Attorney-General Johnson,* and *J. C. Bates,* for Respondent.

Paterson, J. — *Quo warranto ex relatione* T. J. Parsons to show by what warrant defendant exercises the office of fire commissioner.

The facts — about which there is no dispute — are as follows: Prior to 1878 the board of fire commissioners of the city and county of San Francisco consisted of five persons, chosen by the qualified voters of said city and county at general elections. On March 28, 1878, an act was passed by the legislature, and approved by the governor, which provided for a board of fire commissioners consisting of five members, three of whom should be appointed by the board of supervisors, one by the judge of the municipal criminal court, and one by the judge of the county court. The terms of three of the five members of the board elected under the act of 1874 expired on the first Monday of December, 1879, and the terms of the other two members expired on the first Monday of December, 1881. The last-named act provided that the judge of the municipal court and the judge of the county court should each appoint one commissioner in place of one of the three commissioners elected under the act of 1874. On the first Monday in December, 1879, the defendant was appointed a member of the board by the judge of the county court, and on the same day Edward Flaherty was appointed a member of the board by the judge of the municipal court. On December 15, 1879,

the board of supervisors appointed Edward B. Cotter, and on December 5, 1881, the board of supervisors appointed John Mason and F. C. Siebe members of the board of fire commissioners in place of the two remaining members of said board, who had been elected under the act of 1874, and whose terms expired on the first Monday in December, 1881. The act provides that the commissioners shall hold office " for the term of four years from and after the date of their appointment, and until their successors are appointed and qualified." The constitution which went into effect January 1, 1880, abolished the municipal criminal court and county court. On June 20, 1889, the governor, believing that the defendant's term of office had expired, and that there was a vacancy in said board, appointed the relator, Thomas J. Parsons, in the place and stead of said Edwards. After duly qualifying, the relator demanded of the defendant his seat in the board, but the defendant refused to surrender the same, or to recognize the validity of the relator's appointment.

We are unable to tell from the respondent's brief whether he claims that the act of 1878 is still in force or not, but his action is based upon the assumption that it is still in force; if it is not, certainly he has no claim to the office, — the office fell with the act.

Questions involving the same principles as those under discussion were determined in *People v. Hammond*, 66 Cal. 654. Under the act of April 1, 1878, the respondent in that case, and two others, were appointed by certain district court judges, named in the act, police commissioners for the city and county of San Francisco. By the constitution of 1879 the judges of the courts named were superseded, but the powers given to them by the act referred to were not vested in any other person or tribunal. It was claimed by the relator in that case, as it is by the relator here, that under section 8, article V., and section 16, article XX., of the constitution, the office became vacant at the expiration of four years from the date of the defendant's appointment, and that

the governor had the power to fill such vacancy. These contentions did not receive the sanction of the court; it was held that there was no vacancy which the governor was authorized to fill. Unless that case is to be overthrown, it is an authoritative adjudication against the claim of the relator herein, and entitles the defendant to hold the office until his successor has been appointed or elected, and has qualified, or until the office has been abolished by the power which created it. It would be sufficient to rest the decision herein upon a reference to that and other cases involving similar questions (see *People* v. *Pond*, 89 Cal. 141); but we may add that the case at bar contains some elements which make the defendant's position stronger in this case than it was in the case referred to. The police commissioners referred to in *People* v. *Hammond*, 66 Cal. 654, were all appointed by the judges superseded by the new constitution. In the case at bar a majority of the members of the board of fire commissioners are still appointed by the board of supervisors, and will continue to exercise the functions of the office, unless the act be declared wholly void. The police commissioners had no fixed term of office; the term of the fire commissioners is fixed at four years. Where the term of office is fixed, determinate, a provision requiring the officer to continue " to discharge the duties of his office, although his term has expired, until his successor has qualified " (Pol. Code, sec. 879), " adds an additional, contingent, and defeasible term to the original fixed term, and excludes the possibility of a vacancy, and consequently the power of appointment, except in case of death, resignation, ineligibility, or the like. . . . . It is certain, therefore, that all offices to which the above constitutional provision applies are held by the same title, or by as high and lawful tenure, after the prescribed term, until the title of a duly elected and qualified successor, at least, as before and during such term." (*State* v. *Harrison*, 113 Ind. 434.) Section 8, article V., of the constitution provides that " when any office shall, from any cause,

become vacant, and no mode is provided by the constitution and law for filling such vacancy, the governor shall have power to fill such vacancy," etc. The office must have become vacant before the executive function of appointment can be exercised. The word "vacancy," as applied to an office, has no technical meaning. Section 8, article V., was copied from the old constitution, and the meaning of the term "vacancy" has been several times expounded by this court. (*People* v. *Tilton,* 37 Cal. 614.) In *People* v. *Bissell,* 49 Cal. 411, the court said: "So long as Bissell, therefore, continues to discharge the duties of the office pursuant to the requirements of section 879 of the code, even though his term of office has expired, there is no vacancy in the office, in the absolute sense, nor in any sense which would authorize the governor to fill it without the consent of the senate first had. Such a vacancy could only be caused by the resignation or death of the incumbent, or some other event by which the duties of the office were no longer discharged at all, in which case, and in order to prevent a failure of the public service, the governor might appoint during the recess of the senate." (See also *People* v. *Whitman,* 10 Cal. 38; *People* v. *Stratton,* 28 Cal. 388; *People* v. *Tyrrell,* 87 Cal. 479; *State* v. *Johns,* 3 Or. 537; *Rightmire* v. *Camden,* 50 N. J. L. 48; *Stilsing* v. *Davis,* 45 N. J. L. 390.)

It has been held that an officer will hold over until his successor is qualified, although the constitution says he is ineligible for a second term. His holding over is simply a prolongation of the old term. (*Carr* v. *Wilson,* 3 L. R. A. 68.) It is in no sense a new term. During the time he holds over his salary cannot be increased, and he and his sureties are liable on his official bond for all his acts until his successor is elected or appointed and qualified. (*State* v. *Smith,* 87 Mo. 160.) Of course, the language of the statute or constitution may show an intention to fix and limit precisely the tenure of an officer, so that at a particular time his authority will cease, although an absolute vacancy and absence of authority

result therefrom, as in the case of *Gosman* v. *State*, 106 Ind. 203, where it is held that a constitutional provision that "no person shall be eligible to the office of clerk more than eight years in any period of twelve years," imposed an absolute disability upon Gosman to continue in the office of clerk for a longer period than eight consecutive years. Unless such intention appears, however, the officer is entitled to exercise the functions of his office until another person is qualified to assume them. (*Bunker* v. *Gouldsborough*, 81 Me. 194.)

It is claimed that section 16 of article XX. of the constitution makes it unlawful to occupy an office created by the legislature for a longer period than four years. That section provides that "when the term of any officer or commissioner is not provided for in this constitution, the term of such officer or commissioner may be declared by law; . . . . but in no case shall such term exceed four years." This question, also, was passed upon in *People* v. *Hammond*, 66 Cal. 654, and requires no further notice. See also *State* v. *Harrison*, 113 Ind. 434, where the purpose and effect of a similar provision is discussed. This section is a re-enactment of section 7, article XI., of the old constitution, which was held not to forbid a holding over until a successor has been chosen and has qualified, but merely to limit the incumbent's term by election or appointment. (*People* v. *Stratton*, 28 Cal. 388; *People* v. *Tilton*, 37 Cal. 614.) As the section is substantially the same as it was in the former constitution, it must be construed in the same way. (*Sharon* v. *Sharon*, 67 Cal. 189.)

The judgment is reversed, with directions to the court below to enter judgment on the findings in favor of appellant.

Harrison, J., and Garoutte, J., concurred.