[S. F. No. 56.   In Bank.—December 16, 1895.]

## THE PEOPLE ex rel. STEWART MENZIES, Appellant, v. M. A. GUNST, Respondent.

POLICE COMMISSIONERS OF SAN FRANCISCO—APPOINTMENT AND REMOVAL—
POWER OF GOVERNOR.—No term of office of police commissioner was
fixed by the act of April 1, 1878, known as the McCoppin act, and no
authority was given to the appointing power after making the appointments except to fill vacancies; and the governor cannot appoint a police
commissioner in the absence of a vacancy, or create and fill a vacancy
by removing an incumbent, and appointing one to succeed him.

ID.—CASE AFFIRMED.—The case of *People ex rel. Hinton* v. *Hammond*, 66
Cal. 655, affirmed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*Clement, Cannon, Kline & Stradley,* for Appellant.

As the power possessed by the district judges under the old constitution of appointing police commissioners was swept away by the new constitution, and as it was not expressly provided in whom that power should vest, the governor succeeded to it under sections 4 and 16 of article XX of the new constitution, and section 875 of the Political Code.   The police commissioners are removable at the pleasure of the governor, as the tenure of office is not fixed by the act creating the office. (Const. 1879, art. XX, sec. 16; *People* v. *Hill*, 7 Cal. 97; *Smith* v. *Brown*, 59 Cal. 673; *People* v. *Perry*, 79 Cal. 105; *People* v. *Newman*, 96 Cal. 608; *Higgins* v. *Cole*, 100 Cal. 260; *People* v. *Edwards*, 93 Cal. 153; *Peo-*

ple v. Ashburner, 55 Cal. 517.)    The doctrine of stare decisis cannot be invoked in this case for the reasons: 1. That the decision in People v. Hammond, 66 Cal. 655, is not the decision of the majority of the court, as no two justices agreed upon the reasons upon which it was supposed to be founded (Hart v. Burnett, 15 Cal. 608; Morse v. Goold, 11 N. Y. 285; 62 Am. Dec. 103); 2. That that decision was based on an erroneous assumption in assuming that section 8, article V, of the constitution, was the only section bearing upon the question at issue (Donner v. Palmer, 31 Cal. 500); 3. That where a decision has been rendered by the court involving the determination of rights growing out of a statute on a constitutional provision, and the court inadvertently overlooks or fails to have its attention called to such statute or constitutional provision, the doctrine of stare decisis cannot be invoked to prevent the court from a re-examination of the case with the statute or constitution before it (Duff v. Fisher, 15 Cal. 375); 4. Where constitutional provisions have been erroneously construed, the court will not hesitate to preserve the constitution from impairment caused by erroneous judicial construction (People v. Lynch, 51 Cal. 39; 21 Am. Rep. 677); 5. Even if property rights had become vested, and the decision in People v. Hammond, supra, relied upon to protect them, they should be sacrificed, rather than a valuable provision in the fundamental law be obliterated (San Francisco v. Spring Valley Water Works, 48 Cal. 493); 6. When a correction can be made without working more harm than good, it should be done (23 Am. & Eng. Ency. of Law, 26, and cases cited; McFarland v. Pico, 8 Cal. 631; San Francisco v. Spring Valley Water Works, supra; Aud v. Magruder, 10 Cal. 291).

Rothchild & Ach, E. W. McKinstry, and E. R. Garber, for Respondent.

The constitution of 1879, in abolishing the district courts, did not repeal by implication that portion of the act of 1878 relating to the appointment of police com-

missioners. That act was continued in force, and has
never been repealed or amended. (*In re Stuart*, 53 Cal.
746; *Barton* v. *Kalloch*, 56 Cal. 95; *Banks* v. *Yolo County*,
104 Cal. 258; *Desmond* v. *Dunn*, 55 Cal. 242–44; *Wood*
v. *Election Commrs.*, 58 Cal. 566; *Staude* v. *Election
Commrs.*, 61 Cal. 318; *People* v. *Hammond*, 66 Cal. 655;
Pol. Code, sec. 19; *People* v. *Clunie*, 70 Cal. 504; *San
Francisco* v. *Kiernan*, 98 Cal. 614; *In re Guerrero*, 69 Cal.
88–92; *People* v. *Newman*, 96 Cal. 607; *People* v. *Edwards*,
93 Cal. 154.) Statutes of a general nature do not repeal
by implication charters and special acts passed for the
benefit of particular municipalities. (1 Dillon on
Municipal Corporations, 2d ed., sec. 54; *Walworth Co.*
v. *Whitewater*, 17 Wis. 300; *Janesville* v. *Markoe*, 18
Wis. 350.) The police commission was not abolished
by the constitution, although the appointing power
had not been vested in any other person or body since
the disorganization of the district courts. (*People* v.
*Hammond, supra.*) All the points made by counsel in
the present case were presented in *People* v. *Hammond,
supra,* and the doctrine of *stare decisis* applies. A
judgment rendered in an action is conclusive upon the
questions involved in the action, and upon which it de-
pends, or upon matters which, under the issues, might
have been litigated and decided in the case, and the
presumption of law is that such issues were actually
heard and decided. (*Phelan* v. *Gardner*, 43 Cal. 306;
*Parnell* v. *Hahn*, 61 Cal. 131; *Miles* v. *Caldwell*, 2 Wall.
35; Code Civ. Proc., sec. 1963, subd. 15; *Staude* v. *Elec-
tion Commrs., supra; Lenehan* v. *Tharp*, 8 Pac. Coast L. J.
960; *Heinlen* v. *Sullivan*, 64 Cal. 378; *Griffin* v. *Alsop*, 4
Cal. 406–9; *Giblin* v. *Jordan*, 6 Cal. 417, 418; *Clary* v. *Rol-
land*, 24 Cal. 148–54; *Seale* v. *Mitchell*, 5 Cal. 401–03; *Davis*
v. *Superior Court*, 63 Cal. 581; *People* v. *Freese*, 83 Cal.
454. *People* v. *Hammond, supra*, has been often affirmed,
in the following cases: *People* v. *Pond*, 89 Cal. 143; *Peo-
ple* v. *Edwards, supra; People* v. *Newman, supra; People*
v. *Ward*, 107 Cal. 236. There is no distinction between
*People* v. *Hammond, supra*, and this case because of the

direct attempt made in this case to remove the respond-
ent. Where an office is held during pleasure, the ap-
pointment of a successor is a removal of the incumbent.
(Throop on Public Officers, sec. 350; *Commonwealth* v.
*Slifer,* 25 Pa. St. 29; 64 Am. Dec. 680; *Keenan* v. *Perry,*
24 Tex. 253; *People* v. *Freese,* 76 Cal. 633–39; *Blake* v.
*United States,* 103 U. S. 227.)

HENSHAW, J.—This is an action in *quo warranto* to
test relator's title to the office of police commissioner of
the city and county of San Francisco, against the claims
of defendant thereto. Judgment passed for defendant,
and plaintiff appeals.

The facts, about which there is no controversy, are
that R. P. Hammond was a member of the original
board of police commissioners of the city and county of
San Francisco, appointed under the provisions of the
act of the legislature approved April 1, 1878, and com-
monly known as the " McCoppin act."

Hammond continued in office until his death, which
occurred in the year 1891. At and after the time of his
death H. H. Markham was the governor of the state,
and he appointed D. M. Burns to fill the vacancy thus
arising.

Burns qualified, became, and acted as, a member of the
board until January 5, 1895. Upon that day a vacancy
occurred in the office by the resignation of said Burns.
The governor, Markham, upon said last-named day ap-
pointed defendant Gunst to fill this vacant office.

Upon the seventh day of January Gunst qualified, and
entered upon the discharge of his duties. Thereafter, on
said day, the said Markham was succeeded as governor
of the state by James H. Budd.

Upon January 13, 1895, Governor Budd gave notice in
writing to the said police commission, and to the indi-
vidual members thereof, including the defendant herein,
that he had removed said defendant from office, and he
likewise caused formal declaration of removal to be filed
in the office of secretary of state.

Upon January 21, 1895, Governor Budd appointed relator herein police commissioner of the city and county of San Francisco, " vice M. A. Gunst removed." Menzies duly qualified, and upon Gunst's refusal to surrender the office this proceeding was instituted.

There is no distinction in principle between the contention of appellant in this case, and that made in *People* v. *Hammond,* 66 Cal. 655, and there is likewise no important distinction in fact. The main difference is that in the Hammond case Hinton was appointed *to succeed* Hammond, while here Menzies was appointed after the declared *removal* of Gunst. But as "the mere appointment of a successor would *per se* be a removal of the prior incumbent" (*Ex parte Hennen,* 13 Pet. 261; *Blake* v. *United States,* 103 U. S. 237), the distinction becomes immaterial.

But while the present case cannot be distinguished in principle from that of Hammond, it is earnestly insisted that the court erred in that decision and in others in which the interpretation of the Hammond case is adopted and followed. The claim made is that the governor has the power to remove and appoint the police commissioners at pleasure, and it is insisted that this claim finds support in sections 4 and 16 of article XX of the constitution, together with section 875 of the Political Code.

By the Hammond case it was decided that no term of office of police commissioner was fixed by the Mc-Coppin act; that no authority was given to the appointing power after making the original appointments, except to fill vacancies, and that the governor could not appoint in the absence of a vacancy, or create and fill a vacancy by appointing some one to succeed an incumbent.

It cannot be assumed that the constitutional and code provisions upon which appellant relies were overlooked by the court in deciding that and kindred cases. An examination of their records discloses not only that they were cited in the briefs of counsel, and in the petition

for rehearing, but that the claim of the power of the governor to appoint at pleasure was strongly pressed upon the attention of the court.

But, as has been intimated, *People* v. *Hammond, supra,* is not a solitary case among the decisions of this court. It has formed the basis of other judicial determinations and its principles, both in Department and Bank have been repeatedly affirmed.

In *People* v. *Pond,* 89 Cal. 140, sections 4 and 16 of article XX of the constitution were cited to the court in Bank, and it is said:

. "The questions argued by counsel for petitioners are not new. They may not have been presented so forcibly or with as great perspicuity before, but they have been determined adversely to. the contentions of the petitioners, after careful consideration of the constitutional and statutory provisions germane to the subject, and we feel constrained to adhere to the construction heretofore adopted. The contention of petitioners, who claim to have been elected as members of the first board of supervisors, has been settled adversely. to them by the decisions in *Desmond* v. *Dunn,* 55 Cal. 248, 249, and *People* v. *Board of Election Commrs.,* 2 West Coast Rep. 366, 3 Pac. Rep. 412, and the claim of the others by the decisions in *Staude* v. *Board of Election Commrs.,* 61 Cal. 313, *Heinlen* v. *Sullivan,* 64 Cal. 378, and *People* v. *Hammond, supra.* The effect which a decision overruling those cases would have upon municipal proceedings for over ten years past is so apparent that it is unnecessary for us to point out the reason why we should adhere to the decisions referred to—at least so far as the board of supervisors is concerned—even though we should believe that they were based upon an erroneous construction of the provisions involved. And, although the rule applies with less force to the case of the police commissioners, no good reason has been shown why the decisions heretofore rendered should be departed from. If the principle is wrong, or the system works unsatisfactorily, the remedy remains with the people."

. In *People* v. *Edwards*, 93 Cal. 153, the power of the governor to appoint a fire commissioner was under consideration. The circumstances were substantially the same as in *People* v. *Hammond, supra,* the present constitution there, as in the Hammond case, having abolished the original appointing power. The court said:

"Questions involving the same principles as those under discussion were decided in *People* v. *Hammond, supra.* Under the act of April 1, 1878, the respondent in that case, and two others, were appointed by certain district court judges named in the act police commissioners for the city and county of San Francisco. By the constitution of 1879 the judges of the court named were superseded, but the powers given to them by the act referred to were not vested in any other person or tribunal. It was claimed by the relator in that case, as it is by the relator here, that under section 8, article V, and section 16, article XX, of the constitution, the office became vacant at the expiration of four years from the date of the defendant's appointment, and that the governor had the power to fill such vacancy. These contentions did not receive the sanction of the court; it was held that there was no vacancy which the governor was authorized to fill. Unless that case is to be overthrown, it is an authoritative adjudication against the claim of the relator herein, and entitles the defendant to hold the office until his successor has been appointed or elected, and has qualified, or until the office has been abolished by the power which created it. It would be sufficient to rest the decision herein upon a reference to that and other cases involving similar questions. . . . . It is claimed that section 16 of article XX of the constitution makes it unlawful to occupy an office created by the legislature for a longer period than four years. The section provides, 'when the term of any officer or commissioner is not provided for in this constitution, the term of such officer or commissioner may be declared by law; . . . . but in no case shall such term exceed four years.' This question, also, was passed

upon in *People* v. *Hammond, supra,* and requires no further notice."

In *People* v. *Newman,* 96 Cal. 605, the Hammond case being again cited and discussed, it is said: "This contention was fully presented by eminent counsel in *People* v. *Hammond, supra,* and a petition for rehearing was filed and denied. After such consideration and determination by the court, we think the point should be treated as finally settled."

It is thus apparent that the principle of the Hammond case has not only been reaffirmed, but has formed the basis of judicial determinations involving the existence and mode of filling other offices. As was said in *People* v. *Pond, supra:* "The effect which a decision overruling these cases would have upon municipal proceedings for over ten years past is so apparent that it is unnecessary for us to point out the reasons why we should adhere to the decision referred to." And to quote *People* v. *Freese,* 83 Cal. 453: "We see no good reason why the rule of *stare decisis* should not govern this case; and, looking ahead, we see good reasons why it should. It is not a matter of much importance who should temporarily have the office struggled for here. But it is a matter of considerable importance, in order to avoid uncertainty and disorder in the future, that those exercising power in the premises may have a settled rule to go by."

The judgment appealed from is affirmed.

TEMPLE, J., VAN FLEET, J., HARRISON, J., McFARLAND, J., GAROUTTE, J., and BEATTY, C. J., concurred.

Rehearing denied.