[Crim. No. 186. First Appellate District.—August 20, 1909.]

## Ex Parte G. L. GREY, on Habeas Corpus.

HABEAS CORPUS—IMPRISONMENT UNDER VOID CITY ORDINANCE—DELE-GATION OF POWER IN CONFLICT WITH GENERAL LAW.—An ordinance of an incorporated city which delegates power to the board of police commissioners and fire commissioners of the city to appoint a board of plumbing examiners to examine and issue licenses to plumbers is void, as being in conflict with the general law of the state imposing that duty upon the board of health of any incorporated city or city and county in the state; and one who is imprisoned under such void ordinance upon a complaint not charging nor intimating that the defendant has not procured such license under the general law is entitled to be discharged upon *habeas corpus*.

ID.—SILENCE OF CHARTER—IMPLIED POLICE POWER NOT TO BE DELEGATED —SUBJECTION TO GENERAL LAWS.—Where the charter of the city grants no express power to appoint plumbing examiners, if such power exists, it can only be implied under the general power of the city to enforce police and sanitary regulations which cannot be delegated to any other body or persons, but which is subject to the operations of general laws inconsistent with its exercise.

PETITION for discharge upon writ of *habeas corpus*, from imprisonment under an ordinance of the city of San Jose.

The facts are stated in the opinion of the court.

Frank H. Benson, for Petitioner.

Cleveland L. Dam, and George Appell, for Respondent.

COOPER, P. J.—The petitioner is imprisoned under a complaint charging him with unlawfully practicing the trade of plumbing in the city of San Jose, in the county of Santa Clara, without first having obtained a certificate from the board of plumbing examiners authorizing him so to do, he being a journeyman plumber, contrary to the provisions of an ordinance of said city in relation to plumbing and drainage, a copy of which ordinance is set forth in the petition.

It is claimed that the ordinance, in so far as it provides for the appointment of a board of plumbing examiners, and the issuance of a certificate by them, and the fixing of a

penalty for the violation of its terms in this regard, is in conflict with the general laws of the state, and therefore void. This is the only question in the case which we deem it necessary to decide.

The ordinance provides as follows: ''It shall be unlawful for any master plumber or journeyman plumber to practice his trade in the city of San Jose without first obtaining a certificate from the Board of Plumbing Examiners. To obtain such certificate it shall be necessary for each plumber to pass a satisfactory examination before the said Board of Plumbing Examiners, showing his knowledge and ability to do work as a master plumber or journeyman plumber in accordance with the latest and most approved method of sanitary plumbing. Said Board of Plumbing Examiners shall consist of the plumbing inspector and six other members, to be appointed by the Board of Police and Fire Commissioners, to be submitted. They shall all be practical plumbers, three to be journeymen and three to be employers, and each of the members of said board to pass an examination under the supervision of the Board of Police and Fire Commissioners. No person shall be eligible to an appointment on the Board of Plumbing Examiners until he shall have first passed a satisfactory examination the same as provided in this section for obtaining a certificate for practicing plumbing.''

It will be seen that under the said ordinance the board of plumbing examiners shall consist of the plumbing inspector, and six other members to be appointed by the board of police and fire commissioners. This is the board of plumbing examiners authorized by the ordinance to give the certificate, and the failure to obtain such certificate is the omission which it is claimed constitutes a crime, and for which the prisoner is held in custody.

If the charter of the city of San Jose confers upon the mayor and common council the power to appoint a board of plumbing examiners, such power is by implication under the general power to enforce police or sanitary regulations, for there is no language in the charter directly granting such power. If we were to hold that the mayor and common council have such implied power under the charter, it is clear that such power cannot be delegated to the board of

police and fire commissioners or to anyone else. It is ele-
mentary that the common council of a municipal corporation
in whom certain specific powers are vested by the charter
cannot delegate the trust so vested in such common council
to other parties not named in the charter; and it is not
necessary to cite authorities to sustain such proposition. The
board of police and fire commissioners consists of five mem-
bers appointed by the mayor. The charter expressly gives
said board of police and fire commissioners certain powers,
but we look in vain for any authority given said board to
appoint a board of plumbing examiners. The powers of such
board relate to the police and fire departments, the mainte-
nance of law and order, the protection of the buildings in
said city from fire; the superintending of the laying and
erection of electric telegraph and telephone wires; the main-
tenance of fire alarm and police telegraph and telephone
stations and apparatus, and other similar matters. There is
not a word in the charter in any way granting to the board
of police and fire commissioners any authority as to the con-
struction of buildings, the plumbing thereof, or as to any
other purely sanitary matters. The charter provides for a
board of health, to consist of five members, who shall each
be a duly licensed physician. It states: "The Board of
Health shall exercise a general supervision over the health of
the city, with full power to use all measures necessary to
promote the cleanliness and sanitary conditions thereof; to
prevent the introduction into the city of malignant or in-
fectious diseases, and to remove or otherwise dispose of any
person or animal attacked by any such disease, and to adopt
in reference to such person or animal any restrictions, regu-
lations or measures deemed advisable. Said board shall
adopt and enforce such forms and regulations as in their
judgment will secure reliable vital and mortuary statistics;
shall have the supervision of all persons engaged or appointed
to carry out any of the powers conferred on said board."

The legislature of the state passed a general law, approved
March 9, 1887, [Stats. 1887, p. 58], entitled "An Act to
amend an Act entitled 'An Act to grant to Boards of Health
or Health Officers in cities and cities and counties the power to
regulate the plumbing and drainage of buildings, and provide
for the registration of plumbers,' approved March 3, 1885,
by amending sections 1 and 2 thereof." This act provides:

"Section 1. It shall not be lawful for any person to carry on business or labor as a master or journeyman plumber in any incorporated city or in any city and county in this state, until he shall have obtained from the Board of Health of said city or city and county a license, authorizing him to carry on business, or labor as such mechanic. A license so to do shall be issued only after a satisfactory examination by the Board of each applicant upon his qualifications to conduct such business, or to so labor. All applications for license, and all licenses issued, shall state the name in full, age, nativity, and place of residence of the applicant or person so licensed. It shall be the duty of the secretary of each Board of Health to keep a record of all such licenses, together with an alphabetical index to the same.

"Section 2. A list of all licensed plumbers shall be published in the yearly report of the Health Officer or Board of Health."

The act just quoted makes it the express duty of the board of health in any incorporated city to examine plumbers, and to issue a license to them if found qualified after such examination. The law is general, uniform in its operation, and applies to every board of health in every incorporated city and every city and county in the state. The ordinance of the city of San Jose attempting to delegate to the board of police and fire commissioners the power to appoint a board of plumbing examiners to examine and issue licenses to plumbers is in conflict with the general law, and hence void. (*In re De Santa,* 8 Cal. App. 295, [96 Pac. 1027]. See, also, *People* v. *Wiltshire,* 96 Cal. 605, [31 Pac. 564].) The general law provides the machinery by which a plumber may be examined and a license issued to him. It makes it unlawful for any person to labor as a journeyman plumber until he shall have obtained a license from the board of health of the city or city and county in which the labor is to be performed. It is not charged, nor even intimated, in the complaint in this case that the petitioner has not procured such license under the general law.

It follows that the prisoner must be discharged, and it is so ordered.

Hall, J., and Kerrigan, J., concurred.