## MUTUAL BENEFIT LIFE INS CO v McGEE et

Ohio Common Pleas, Cuyahoga Co

No 434895. Decided Oct 21, 1935

## OPINION

By JOY SETH HURD, J.

Therefore we conclude that the principles of law applicable to this case are the same as were applied by this court in the case of **The Savoy Realty Company v John E. McGee et, Cause No. 434,407, (19 Abs 682),** for which see separate opinion in that case.

The court has reviewed the case of P. M. Lisse, Nick Paul et v Local Union No. 31, Cooks, Waiters and Waitresses, decided by the California Supreme Court, January 29, 1935, 89 Cal. 141, cited by defendants' counsel in support of the proposition that a secondary boycott is legal. Undoubtedly that case holds that "A trade union, besides having the right to call a strike, has the legal right to carry on a boycott, both primary and secondary." However, we find that there is no analogy between the facts in said case and the instant case and as we have frequently stated in these opinions, each case must be judged upon its own set of facts. In the California case we find that the employees of the Rainbow Cafe which manufactured and sold bakery products and served meals to the public were members of the defendant Union, and, becoming dissatisfied, called a strike, which was followed by picketing. The court in that case enjoined picketing on the ground that the picketing amounted to physical intimidation of plaintiff's employees and patrons. The Supreme Court upheld the action of the lower court in this respect and prohibited picketing, but held that the injunction issued "was too broad in that appellants were enjoined from doing cer-

tain acts which under the decisions of California they had a right to do in furthering a secondary boycott." The Supreme Court of California in this case stated that their rule with respect to secondary boycott is not in accord with "the Federal decisions and the decisions of the courts of many of the states of the nation." As pointed out in the case of The Savoy Building Co. v McGee et, Ohio, by the great weight of authority does not sustain the secondary boycott. There is danger in the use of undefined terms. The reasoning and logic of the California case would not sustain the proposition of picketing in this case. It will be noted also that there was a strike in progress in that case as well as a legitimate trade dispute, both of which are wanting in the instant case.

We have reviewed also the case of National Protective Association v Cumming, 170 N. Y., 315, and Lindsey & Company Limited v Montana Federation of Labor, 37 Mont. 264, cited by defense counsel and find that the principles therein enunciated are inapplicable because of a great difference in facts. In the case of National Protective Association v Cumming, supra, we find that there was a strike in progress and also a legitimate trade dispute which differentiates that case from the instant case, and in the case of Lindsey & Co. v Montana Federation of Labor, no picketing was involved, but merely the publication of a circular which proposition is not involved in this case.

It is perhaps very unique that in all the cases cited by able counsel for both parties not one even remotely approaches the facts set forth in the instant case.

We hold therefore that a restraining order should issue as prayed for against picketing the apartments involved in this controversy.

The order shall define within reasonable limits the restricted area surrounding each apartment building within which picketing, patrolling, loitering and congregating, etc., shall be enjoined. The order shall not in any way enjoin the right of peaceful persuasion, using always the truth and shall not in any way enjoin advertising, propaganda or any method or means by which the defendants desire to carry on their cause, so long as the truth always is used and the activities are not carried on within the restricted area.