## THE PEOPLE OF THE STATE OF CALIFORNIA, Respondents, v. ELIZABETH APPLEGATE, Appellant.

This Court has no appellate jurisdiction in cases of misdemeanor or crimes of a less degree than felony, and no jurisdiction can be conferred by the Legislature in these cases.

WRIT OF ERROR from the Court of Sessions of Nevada County.

*Tweed & Searles*, for Appellant.

*J R McConnell*, Attorney General, for the People.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., and BRYAN, J., concurred.

The 4th section of the 6th Article of the Constitution of this State provides, that "the Supreme Court shall have appellate jurisdiction in all cases when the matter in dispute exceeds two hundred dollars, when the legality of any tax, toll, or impost, or municipal fine is in question, and in criminal cases amounting to felony *on* questions of law alone."

The word *or* is substituted for *on* in the printed copy of the Constitution. By reference to the engrossed copy on file in the office of the Secretary of State, it is apparent that this is a misprint which alters the whole scope of the section.

Following the rules of construction adopted by us in the cases of Caulfield *v.* Hudson, and Burgoyne *v.* The Supervisors of San Francisco, this section will admit of but one interpretation; for, as there decided, if the grant of appellate excludes original jurisdiction, and the amount specified of two hundred dollars, limits and negatives jurisdiction over smaller amounts than two hundred dollars in civil cases, so the words in the latter part of the section, *"in criminal cases amounting to felony,"* limits the jurisdiction of this Court except as to the cases provided.

We have sought in vain for some escape from this conclusion, but the letter of the Constitution, as well as the debates of the Convention, show this to have been the intention of its framers. They seem to

have acted upon the hypothesis, that the Supreme Court ought not to be occupied in determining inconsiderable controversies, and some of the members of that body were even opposed to appeals in cases of felony.

From this, it will appear, that this Court has no appellate jurisdiction in cases of misdemeanors or crimes of a less degree than felony, and that no jurisdiction can be conferred by the Legislature in those cases. We cannot leave this subject without expressing our regret at the conclusion to which we are forced to come, and the policy which actuated the Convention. As the law now stands these cases are tried by the Courts of Sessions, tribunals which, it may be said without disrespect, do not always in our State possess that legal knowledge which would justify confidence in the finality of their decisions.

It will not unfrequently happen, that the judgment of these Courts will be different in the various counties of the State, and uncontrolled by any supervisory or appellate power, they may become the engines of persecution and oppression.

We would respectfully recommend to the Legislature, that the power of these Courts to fine and imprison, should be limited, and that the District Courts should be invested with jurisdiction in all cases, where any serious punishment is attached.

Writ of error dismissed, with costs.