## THE PEOPLE *v.* WILLIAM A. JOHNSON.

JURISDICTION OF SUPREME COURT ON APPEAL. — The Supreme Court has no jurisdiction on appeal in a criminal action where the offense charged is less than a felony.

JURISDICTION OF SUPREME COURT ON *Certiorari.*—The jurisdiction of the Supreme Court to review the proceedings of inferior Courts, Boards, and officers upon *certiorari,* is limited to cases where there has been an excess of jurisdiction.

JURISDICTION IN CASES OF MISDEMEANOR.—In all cases of misdemeanor, the judgment of the County Court is final, except where there has been an excess of jurisdiction.

A MUNICIPAL FINE.—A fine imposed in the County Court for wrongfully demanding and collecting toll for the privilege of passing over a road, is not a municipal fine within the meaning of Section 4 of Article VI of the Constitution.

MUNICIPAL FINE.—A municipal fine, within the meaning of Section 4 of Article VI of the Constitution, is such a fine as is imposed by the local laws of particular places, such as towns or cities.

WHEN THE LEGALITY OF A FINE IS NOT INVOLVED. — On the trial of a criminal action for wrongfully collecting toll on a road, the legality of the fine to be imposed, in case of a conviction, is not involved, within the meaning of Section 4 of Article VI of the Constitution.

SUPREME COURT.—Where the Supreme Court has no jurisdiction on appeal, it will not decide the legal questions raised on the appeal.

MEANING OF WORDS "CIVIL CASES," IN CONSTITUTION.—The words "cases at law * * * which involve * * * the legality of any tax, impost, assessment, toll, or municipal fine," in Section 4 of Article VI of the Constitution, refer to civil as distinguished from criminal cases.

APPEAL from the County Court of Alpine County.

The defendant, W. A. Johnson, was arrested and tried before a Justice of the Peace for having unlawfully demanded and

received from one S. G. Lewis, the sum of fifty cents as toll for the privilege of passing through a gate wrongfully erected on a road leading from Mount Bullion to the Town of Monitor, without having a license therefor, and without any right or authority.

The defendant was convicted and fined one hundred dollars, and appealed from the judgment to the County Court, where the judgment of the Justice was affirmed.

The defendant then appealed from the judgment of the County Court to the Supreme Court.

*P. L. & T. C. Edwards,* for Appellant.

*This Court has jurisdiction over the subject matter of the appeal, both upon the ground that it involves the legality of a toll, and also that of a municipal fine.* (Constitution, Article VI, Section 4.)

The word *municipal* has long since ceased to be limited in its application to cities; perhaps in America it never had any such limited acceptation. It is the particular law of a State or nation, as distinguished from public or international law. (Bouvier's Law Dic., and Burrill's Law Glos.; 1 Black's Com. 44; 1 Kent's Com. 447.)

Hence, a municipal offense, in its legitimate and constitutional significance, is one against the law of the State or nation.

A fine "is a sum of money which by the judgment of a competent jurisdiction is required to be paid for the punishment of an offense." (Bouvier's Law Dic., and Burrill's Law Glos.)

A municipal fine is therefore one imposed by the violation of a municipal law, and the legality of such fine is the explicit subject of review by this Court.

It could never have been the intention of the framers of the Constitution to deny to the higher Courts both original and appellate jurisdiction in that large class of cases where the relief sought is not susceptible of pecuniary estimation—such as suits to prevent threatened injury, respecting the guardianship of children, honorary offices to which no salary is attached;

and the like. 'And· yet to this result the position of the respondent directly leads. We think the construction contended for too narrow, and not imperatively required by the language of the Constitution.

This case clearly recognizes the difference between taxes, tolls, municipal fines, etc., and the subsequent general clause respecting other criminal cases amounting to *felony*. The latter clause is general. The former clauses may even be regarded as exceptional, but they are none the less essential parts of the Constitution. Who shall strike out or ignore them? (*Conant* v. *Conant*, 10 Cal. 253 ; *Fisk* v. *His Creditors*, 12 Cal. 281 ; and *Adams & Co.* v. *Town*, 3 Cal. 247.)

*J. G. McCullough, Attorney-General,* for the People.

This Court has no jurisdiction of criminal cases amounting to less than felony, and then only on questions of law. (*People* v. *Applegate*, 5 Cal. 295.)

Undoubtedly, in certain cases, this Court has jurisdiction, under the amended Constitution, to issue writs of mandamus and *certiorari*. (*Tyler* v. *Houghton*, 24 Cal. 26 ; *Miller* v. *Supervisors*, 24 Cal. 93 ; *Perry* v. *Ames*, 26 Cal. 383.)

Under this construction, however, the balance of the section is not to be frittered away. This Court will not, by *certiorari* or writ of error, review civil cases involving a less amount than three hundred dollars, and thus do by *certiorari* what it cannot do on appeal.

Our appeal takes the place of the common law writ of error, and reviews proceedings of Courts of record in cases where appellate jurisdiction is given. As to the province of the writ of *certiorari*, see *People* v. *Goodwin*, 5 New York, 568 ; *Whitney* v. *Board of Delegates*, 14 Cal. 477.

The fine imposed is not a tax or municipal fine.

By the Court, SANDERSON, J.:

This is a criminal action for an alleged misdemeanor in which no question as to the jurisdiction of the Court below is made. In such a case this Court has no jurisdiction either on appeal or writ of error or *certiorari*. That our appellate jurisdiction in criminal cases is confined to felonies and does not embrace offenses of a lesser grade is not an open question. It has been so held from the commencement without a dissenting voice. (*People* v. *Applegate*, 5 Cal. 295 ; *People* v. *Vick*, 7 Cal. 165 ; *People* v. *Shear*, 7 Cal. 139 ; *People* v. *Fowler*, 9 Cal. 86 ; *People* v. *Cornell*, 16 Cal. 187 ; *People* v. *War*, 20 Cal. 117 ; *People* v. *Burney*, 29 Cal. 459.)

Our jurisdiction, under the amended Constitution, to review the proceedings of inferior Courts, Boards and officers upon *certiorari* is limited, by the very nature of the writ, to cases where the jurisdiction of the inferior Court, Board or officer is impeached. Hence, in no respect have we jurisdiction in the present case.

### *Jurisdiction of Supreme Court in cases of misdemeanor.*

In all cases of misdemeanor the Constitution has prescribed that the judgment of the County Court, whether erroneous or not, shall be final except where there has been an excess of jurisdiction, in which case only it can be reviewed. With the wisdom of this provision we have nothing to do. It was so construed at an early day, and the people seem to have been satisfied with the construction, for no change was made in this respect when the Constitution was amended in 1863.

### *A municipal fine.*

The position assumed by counsel, to the effect that the fine imposed as a punishment for the alleged offense is a municipal fine, within the meaning of Section 4 of Article VI of the Constitution, and that its legality is involved in this case, is not tenable. In the first place, it is not a municipal fine within

the meaning of the Constitution ; and, in the second place, its legality is not involved in the action.  As to the first point, the argument turns upon the meaning of the word " municipal," as used in the Constitution, and it is insisted that the word is used in its broadest and most enlarged sense, and therefore includes all fines imposed by the laws of the State, and is not limited to such as are imposed by the local laws of particular places, such as towns or cities.  Such, however, cannot be the case.  To give it the broad meaning contended for, would be to strip it of all meaning in the place where we find it, for the meaning of the sentence would be the same without it as with it.  Under the definition of counsel, the word " fine " would mean precisely the same thing as if the qualifying word " municipal" had been omitted, which in effect strips the latter word of all meaning in the connection in which it is used. The word " municipal " is obviously used in its strictest sense, as indicating an inferior power or jurisdiction.  There would seem to be no occasion for using the word in the Constitution or organic law of a State or Government, except for the purpose of indicating an inferior or local jurisdiction, and it was undoubtedly used in that sense here.  It qualifies and limits the word " fine," and thus serves to distinguish the fine intended from all other fines.

In the second place, the legality of a fine imposed as a punishment for the commission of a criminal offense is not involved in the action in the sense of the constitutional provision under consideration.  Before a matter can be said to be involved in an action, within the meaning of that provision, it must appear to be a part of the issue which is to be tried.  While it may be said in a certain sense that the punishment which the law has affixed to the commission of the crime alleged is involved in the action, it cannot be so said in the sense for which counsel contend.  The punishment is no part of the issue, and cannot, therefore, in a legal sense, be said to be involved in the action.

*Want of jurisdiction precludes the decision of the law of a case.*

The offense charged in this case was the collection, without license or lawful authority, of toll for the privilege of passing a certain gate erected across a road designed for the use of the public, but nevertheless claimed to be the private road of certain parties for whom the defendant was acting as gate tender and collector of tolls. The legality of the toll so collected was undoubtedly involved in the action. Whether the toll exacted for passing the gate was a toll which the defendant had a lawful right to demand, was the principal issue, and this appeal is avowedly taken for the purpose of determining the question whether toll can be lawfully collected by parties who construct roads for public use, but which they nevertheless call private, and on the ground that they are private, claim the right to collect tolls from all persons who may find it necessary or convenient to use them in going from place to place, without organizing under any of the statutes of the State, by which corporations and companies are authorized to be formed for the purpose of constructing roads or turnpikes, and allowed to charge such tolls as may be prescribed by the Supervisors of the county in which such roads are located. Many of the most common and public thoroughfares in the State have been so constructed; and parties by whom they have been constructed, or their grantees, are collecting tolls thereon, without any authority so to do, except such as is founded upon the claim that the roads are private property, and that, therefore, the owners thereof have a right to demand compensation for their use. It is claimed that the assertion of this right presents a legal question of great importance, and we are earnestly urged to pass upon it, notwithstanding we may be of the opinion that we have no jurisdiction in this particular case. However much we might feel inclined to gratify the wishes of counsel, to do so would be to set a most pernicious example and establish a dangerous precedent. Judges may be pardoned if, in the elaboration of their arguments upon some question properly before them, they inad-

vertently overstep the limits of the case and record what is known in the profession as *dicta ;* but they would place themselves beyond the reach of forgiveness were they to deliberately and aforethought indulge in the discussion of abstract questions in a case over which they decide that they have no jurisdiction. We are not here for the purpose of writing treatises upon the law of the land, or judicial briefs for the use of parties who desire to exercise a doubtful right, and, to the end of securing exemption from responsibility, desire also to forestall judicial opinion. We are here for the purpose of deciding cases only.

If it is desirable that this question should be decided, and we admit that it is, counsel must be aware that the road by which a decision can be reached is plain and the way easy.

The question of jurisdiction, however, involves the construction of Section 4 of Article VI of the Constitution, and upon that question we feel inclined to add a little to what has been already said.

### *Meaning of words "civil cases," in Constitution.*

Upon the line of argument adopted by counsel it might be urged that we have jurisdiction of this case for the reason that it involves the legality of a " toll." The language of the Constitution is that " this Court shall have appellate jurisdiction in all cases in equity ; also, in all cases at law which involve the title or possession of real estate, or the legality of any tax, impost, assessment, toll or municipal fine, or in which the demand, exclusive of interest or the value of the property in controversy, amounts to three hundred dollars ; also, in all cases arising in the Probate Courts, and also in all criminal cases amounting to felony on questions of law alone."

The power conferred in the foregoing language relates to four separate branches of the general subject, which are separately and specifically enumerated : 1. Cases in equity. 2. All cases at law of a certain character. 3. All cases arising in the Probate Courts. 4. All criminal cases of a certain grade. In view of this clear and precise division of the sub-

Opinion of the Court—Sanderson, J.

ject matter, aside from the ordinary import of the words " cases at law," it is clear that those words only refer to civil as distinguished from criminal cases. Equity cases are first provided for ; then civil cases at law ; then probate cases ; and lastly, criminal cases. That such is the true reading is made still more obvious by a reference to the sixth section of the same article which defines the jurisdiction of the District Courts where the same language is used. Any other reading would practically nullify, to a great extent, the manifest limitation imposed upon the jurisdiction of this Court in criminal cases by the last clause, and transfer from the County to the District Court jurisdiction over all criminal cases where it may be claimed the validity of a tax, etc., is involved. To such a reading of the Constitution we are unable to give our assent.

Appeal dismissed.