[No. 10,102.]

## THE PEOPLE v. ANTONE HUNCKELER.

BEING TWICE IN JEOPARDY FOR A CRIME.—If a person is indicted for manslaughter, and on his trial, the Court, without the consent of the defend-

ant, discharges the jury because it is of opinion that the evidence shows that the defendant is guilty of murder, and the defendant is again indicted for murder for the same killing, he is "twice put in jeopardy for the same offense," and is entitled to an acquittal.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The-defendant was indicted on the 10th day of February, 1874, for murder, alleged to have been committed by killing Catherine Erni, at the City and County of San Francisco, on the 17th day of September, 1873. The defendant, when arraigned, pleaded a former acquittal, former jeopardy, and not guilty. On the trial it was shown that, on the 15th day of December, 1873, the defendant was arraigned in said Court on an indictment charging him with the crime of manslaughter, committed by having killed said Catherine, and pleaded not guilty. That, on the     day of January, 1874, he was placed upon his trial for manslaughter, before a jury duly empaneled, and sworn, and that, after the witnesses for the prosecution and defense had been sworn and examined, the Court, without the consent of the defendant, on motion of the District Attorney, dismissed the jury, and remanded the defendant to the custody of the Sheriff, so that an indictment might be found for a higher crime. The indictment on which the judgment was rendered from which this appeal was taken was afterwards found. On the second trial, the defendant asked the Court to instruct the jury that, if they found that the defendant had been formerly indicted for manslaughter committed by killing Catherine Erni, and had been placed on his trial before a jury duly empaneled and sworn, and that the Court had discharged the jury without a verdict, without the consent of the defendant, in order that an indictment might be found against him for a higher crime, that they should acquit the defendant. The Court refused to give the instruction.

Section one thousand one hundred and twelve of the Penal Code reads: "If it appears by the testimony that the facts proved constitute an offense of a higher nature than

that charged in the indictment, the Court may direct the jury to be discharged, and all proceedings on the indictment to be suspended, and may order the defendant to be committed or continued on, or admitted to bail to answer any indictment which may be found against him for the higher offense. If an indictment for the higher offense is found by the grand jury empaneled within a year next thereafter, he must be tried thereon, and a plea of a former acquittal, to such last found indictment is not sustained by the fact of the discharge of the jury on the first indictment."

Section one thousand and twenty-one reads: "If the defendant was formerly acquitted on the ground of variance between the indictment and the proof, or the indictment was dismissed upon an objection to its form or substance, or in order to hold the defendant for a higher offense, without a judgment of acquittal, it is not an acquittal of the same offense." The motion of the District Attorney to dismiss the jury was based on these sections.

The defendant was convicted of manslaughter and appealed.

*John H. Dickenson,* for the Appellant, argued that sections one thousand one hundred and twelve and one thousand and twenty-one of the Penal Code were in conflict with section eight, article one, of the Constitution of this State; and cited, *People* v. *Coleman,* 4 Cal. 46; *Ex. Parte Hoffman,* 44 Cal. 35; *People* v. *Olwell,* 28 Cal. 460; *People* v. *Webb,* 38 Cal. 467; Cooley's Cons. Lim. 325; *People* v. *Cage, ante* p. 323; *M. S.* v. *Keene,* 1 McLean, 431; 3 Coke's Lit. 538; 1 Bish. Cr. Law, 1030 and 1040; Wharton's Cr. Law, Secs. 577 to 587, and *People* v. *Goodwin,* 18 Johns. 203.

*C. B. Darwin,* also for the Appellant, argued that section one thousand one hundred and twelve of the Penal Code should be so construed as to make the crime "of a higher degree," mean a crime of a different nature.

*T. P. Ryan,* for the People.

By the Court, McKINSTRY, J.:

"No person shall be subject to be twice put in jeopardy for the same offense." (Const. Art. I, Sec. 8.)

This language is more than the equivalent of "no person shall be twice tried for the same offense." (1 Bishop, Cr. L. 1018, 5th ed.) A defendant is placed in apparent jeopardy when he is placed on trial before a competent Court and a jury empaneled and sworn. His jeopardy is real, unless it shall subsequently appear that a verdict could never have been rendered by reason of the death or illness of the Judge or a juryman, or that after due deliberation the jury could not agree, or by reason of some other like overruling necessity which compels their discharge without the consent of the defendant. (*People* v. *Webb*, 38 Cal. 467, and cases there cited.) And when a person has been placed in actual jeopardy, the jeopardy cannot be repeated without his consent, whatever statute may exist on the subject. (1 Bishop Cr. L. 1,206, 5th ed.) Once in actual jeopardy, a defendant becomes entitled to a verdict which may constitute a bar to a new prosecution; and he cannot be deprived of his right to a verdict by *nolle prosequi* entered by the prosecuting officer, or by a discharge of the jury, and continuance of the cause. (Cooley Const. Lim. 327.)

A person cannot be twice placed in jeopardy for the same offense; but, in the cases to which we have referred, the happening of the subsequent event which renders the discharge of the jury necessary, shows that the defendant has never been in actual jeopardy.

In the case before us, however, it is not pretended that a verdict could not have been rendered at the first trial. The mere opinion of the District Judge that the evidence showed the defendant to be guilty of a higher degree of crime, was not such a necessity as required the discharge of the jury, or authorized a re-trial of the defendant for the same offense.

Judgment reversed and cause remanded, with direction to discharge the defendant.

Mr. Justice RHODES did not express an opinion.