[No. 21153. In Bank.—July 25, 1894.]

## EX PARTE MICHAEL AHERN, ON HABEAS CORPUS.

CRIMINAL LAW—COMMITMENT TO STATE PRISON—PROCESS—CONSTRUCTION OF CONSTITUTION.—The word "process," as used in section 20 of article VI of the constitution, which provides that the style of all process shall be "The People of the State of California," and that all prosecutions are to be conducted in their name and by their authority, does not apply to the warrants by which persons are held and committed to the state prison after conviction.

ID.—FORM OF WARRANT—CERTIFIED COPY OF JUDGMENT.—Under the provisions of the old constitution and statute—being exactly the same as the existing provisions of the new constitution and the code—it has been uniformly held that a certified copy of the judgment showing the conviction is the proper form of warrant for commitment of a convicted person to the state prison.

ID.—PRESUMPTION AS TO INTENTION OF FRAMERS OF NEW CONSTITUTION—READOPTED PROVISION OF OLD CONSTITUTION.—It cannot be presumed that the framers of the new constitution were ignorant of a point decided under the old constitution, or that they intended a provision readopted from the old constitution to have an operation theretofore uniformly denied to it.

HEARING in the Supreme Court upon a writ of *habeas corpus.*

The facts are stated in the opinion of the court.

*Alfred Clarke,* for Petitioner.

The style of all process must be " The People of the State of California." (Cal. Const., art. VI, sec. 20; *In re Rohe,* 5 Ark. 104.) The requirement is constitutional and the defect jurisdictional. (*Forbes* v. *Darling,* 94 Mich. 621; *Choate* v. *Spencer,* 13 Mont. 127; *Insurance Co.* v. *Hallock,* 6 Wall. 559; 21 N. Y. Supp. 272.) The constitution is mandatory. (*Welsh* v. *Bramlet,* 98 Cal. 219–24.)

BEATTY, C. J.—This is a petition for a writ of *habeas corpus*, in which the petitioner, Michael Ahern, alleges that he is imprisoned by W. E. Hale in the state prison at San Quentin, "in violation of the constitution and laws of the United States and of this state, in this, that the paper of commitment on which he is held is not due process of law, because it does not run in the name of the people."

It does not appear from the allegations of the petition whether W. E. Hale is or is not warden of the state prison; whether the petitioner has or has not been convicted of a felony punishable by imprisonment in the state prison, or whether or not Mr. Hale has a duly certified copy of a judgment showing such conviction. But putting the best construction we can on a petition, which for looseness and vagueness is rather worse than usual in the productions of its class, we assume that the petitioner is in the custody of the warden of the state prison, who detains him under the authority of a duly certified copy of a judgment convicting him of an offense punishable by imprisonment in the state prison, and that the supposed illegality of his imprisonment arises out of the fact that the warden has no commitment running in the name of the people of the state.

The idea of counsel for petitioner seems to be that no one can be lawfully held a prisoner in the state prison without "*process*" in the sense in which that word is used in section 20 of article VI of the constitution, which provides that, " The style of all process shall be ' The People of the State of California,' and all prosecutions shall be conducted in their name and by their authority."

This provision was contained in the old constitution, and has been in force for more than thirty years, but has never been supposed to apply to the warrant by which prisoners are held after conviction.

By the old Criminal Practice Act, section 463, it was provided, as it is now provided by the code (Pen. Code, sec. 1213), that a certified copy of the judgment, as

entered in the minutes, should be the only warrant or authority necessary to justify or require its execution. Under these provisions of the old constitution and the statute—exactly the same as the existing provisions of the new constitution and the code—the question arose in several cases as to the sufficiency of *process* in the form which counsel deems so essential, and it was uniformly held to be insufficient, and a certified copy of the judgment declared to be the proper and essential form of warrant. (*Matter of Ring*, 28 Cal. 248; *Ex parte Dobson*, 31 Cal. 498; *Ex parte Gibson*, 31 Cal. 620; 91 Am. Dec. 546; *Matter of Brown*, 32 Cal. 49.) It is true the constitutional provision invoked by counsel was not discussed in those decisions—for the reason, probably, that it was not deemed applicable. But whatever may have been the reason it was not referred to, we cannot suppose that the framers of the new constitution were ignorant of the point decided, or that they intended the provision readopted from the old constitution to have an operation theretofore uniformly denied to it. In short, we consider that the question which counsel raises, besides being trivial and technical to the last degree, has been settled by the decisions of this court and the universal practice under those decisions for the last thirty years.

Writ denied.

Van Fleet, J., McFarland, J., Fitzgerald, J., Harrison, J., and Garoutte, J., concurred.