## Ex Parte Torres.

### Appeal from the District Court of San Juan.

No. 22.—Decided June 25, 1906.

CRIMINAL LAW — ALLEGATIONS — FORMER JEOPARDY — CARRYING PROHIBITED WEAPONS—DISCHARGING FIREARMS.—The crime of carrying firearms is different from the crime of discharging same and causing the death of a person, and the former is not necessarily included within the latter, and therefore a defendant prosecuted and convicted of the former crime cannot successfully allege former jeopardy upon the prosecution for the second crime; that is to say, murder.

The facts are stated in the opinion.

Mr. Tizol for appellant.

Mr. Rossy, fiscal, for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

The appellant applied to the District Court of San Juan on the 5th of the present month for a writ of *habeas corpus*, alleging that he was illegally imprisoned. The writ was issued on the same day and the case heard on the 6th, and the district judge rendered the following judgment:

"We admit as having been proven the facts on which the writ is based; that is, we admit as proven that the petitioner was punished by the justice of the peace of San Juan, for the crime of carrying a pistol on the 5th of April last, and that with that same pistol and on the aforesaid date, 5th of April, he caused the wounds to Antonio Osorio, which a few days later caused his death, and this last fact is the base of the accusation of murder in the first degree, by virtue of which the petitioner is imprisoned.

"But we do not agree with the propositions of law which are announced in the petition.

"In our opinion, section 44 of the Penal Code, which is the fundamental base of the petition, is in force at present, but it does not apply to the present case.

"Such section refers to the fact that an 'act or omission punishable in different modes,' etc.; that is, it is determined that the act should be the same act in both instances, and it is clear that the act of carrying

a pistol is entirely different and of a different nature from the act of causing with the same pistol the illegal death of a person.

"If the petitioner were punished or were put in jeopardy, for example, for homicide, under the same facts imputed in the accusation of murder in the first degree, then section 44 of the Penal Code would have a perfect application to the case, because the act of illegally putting to death a person may constitute the crime of voluntary or involuntary homicide, or murder in the first or second degree, and can be punished under these different forms, and when one of them is selected the others are excluded by force of the law.

"And lastly, we wish to assert that the petitioner appealed from the sentence pronounced by the justice of the peace punishing him for the crime of carrying a pistol, and this court dismissed the case.

"For these reasons, the petition is dismissed and it is ordered that the warden of the jail of the district of San Juan shall retain under his custody the prisoner until he be legally acquitted."

The reasons given by the district judge as set forth above are amply sufficient in our estimation to justify him in refusing to enlarge the prisoner. They are also supported by the following authorities—that is to say, Cooley on Constitutional Law, pp. 398, 399, 400, 401; *People* v. *Webb,* 38 Cal., 467; *People* v. *Helbing,* 61 Cal., 620; *Hopkings* v. *U. S.,* 4 App. Cas. D. C., 436; *People* v. *Defoor,* 100 Cal., 150; *People* v. *Ny Sam Chung,* 94 Cal., 304; *People* v. *Hunckler,* 48 Cal., 331; *People* v. *Apgar,* 35 Cal., 389; *People* v. *Gilmore,* 4 Cal., 376.

The act of carrying a pistol is a different act from firing it off and killing a man, and although the killing may have been done with the pistol which he was carrying, the defendant may be punished for both offenses. The misdemeanor is not necessarily included in the felony and on an accusation for one the defendant could not be punished for the other. Hence the law in regard to former jeopardy does not apply. The judgment should be affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.