## THE PEOPLE *v.* BUITRAGO.

### APPEAL from the District Court of Guayama.

No. 53.—Decided December 12, 1906.

HABEAS CORPUS—CONFINEMENT OF PETITIONER IN JAIL AND NOT IN PENITENTIARY.—The fact that a petitioner who was condemned to imprisonment in the penitentiary is confined in jail in compliance with the judgment is not sufficient to warrant his discharge if, as occurs in the case at bar, such a state of affairs exists in fulfillment of the orders of the proper Government official, and where the warden of the jail has the authority to keep the prisoner in his custody.

ID.—COMMITMENT—CERTIFIED COPY OF JUDGMENT.—A certified copy of the judgment delivered to the official whose duty it is to execute the same is the only warrant or order necessary for the execution of such judgment, and is therefore, sufficient to warrant the imprisonment of the petitioner in *habeas corpus* proceedings.

ID.—SPECIFICATION OF CRIME IN JUDGMENT.—A judgment which makes reference to the crime of which the petitioner has been convicted and states the punishment imposed, although it does not specify what violation of law has occurred in the commission of such crime, is sufficient to justify the imprisonment of the petitioner in *habeas corpus* proceedings.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by Eugenio Buitrago from a decision of the District Court of Guayama denying the release from custody of the petitioner under a writ of *habeas corpus*.

This decision, which bears the date of November 8 last, reads as follows:

"The petitioner bases his application for a writ of *habeas corpus* upon three grounds, which the court considers and rejects in the following manner:

"I. 'The person who has him in custody is [not] the person authorized by law.'

"The warden of the district jail has him in custody by virtue of a commitment issued by this court and addressed to the officer charged with its execution. This commitment contains the judgment sentencing the petitioner to imprisonment in the penitentiary for two years at hard labor; and from this the petitioner deduces that the warden or head of the penitentiary is the only one authorized by law to have him under custody. Although it is true the petitioner was sentenced to the penitentiary and not to jail, it is also true that owing to insufficient room in the penitentiary, the director of the department of prisons has authorized individuals sentenced to the penitentiary to be held in the district jails until room is made for them in the penitentiary, or until notice for their transfer is given, such prisoners in such cases being considered as if they were in the penitentiary, and the warden of the jail acting as the delegate or representative of the warden or chief of the penitentiary; therefore, the warden of the jail is legally authorized to have the petitioner in his custody.

"II. 'That the commitment to prison is not correct because it is a sentence and not an order of commitment to a jailer.'

"A perusal of the commitment will show that it contains a literal and certified copy of the sentence as it appears upon the minute book of the court, which certified copy the secretary issued for delivery to the officer charged with its execution.

"Section 327 of the Code of Criminal Procedure (which accords with section 1213 of that of California), prescribes that 'a certified copy of the original judgment shall be delivered to the officer whose duty it is to execute it, and no other warrant or authority is necessary to justify or require its execution.' Section 330 contains a similar provision, and the same declaration is made in the case of *Ahern* 103 Cal., 412.

"III. 'That the imprisonment is illegal because the sentence does not determine precisely the crime charged and of which he was found guilty.'

"The information filed in this cause, as shown by the record, specifies the violation of section 372 of the Penal Code, which constitutes a felony, and upon this information the jury returned its verdict.

Although the sentence inserted in the commitment does not contain the same specification, this omission does not imply an illegality, inasmuch as the penalty imposed shows in an evident manner that a felony is involved, and that the judgment has been rendered by a court of competent jurisdiction.

"On the other hand, the only essential points in a judgment in a criminal cause are the determination of the crime of which the defendant has been convicted, omitting everything contained in previous documents, which it is unnecessary to repeat, and the sentence or penalty imposed by the court. (*In re Ruiz*, 28 Cal., 248; Ex parte *Williams*, 89 Cal., 421.)

"Therefore the application for the writ of *habeas corpus* is denied, and it is ordered that the petitioner, Eugenio Buitrago, continue in prison under the custody of the warden of the jail of this district and at the disposition of the warden or director of the penitentiary."

Counsel for the appellant has not appeared in this Supreme Court to make any written or oral allegation in support of the appeal, which was opposed by the *fiscal* at the hearing.

We agree with the grounds upon which the judgment court bases its decision, and, therefore, it should be affirmed, with the costs against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.