[Crim. No. 1845. In Bank.—October 3, 1914.]

## THE PEOPLE, Respondent, v. PACIFIC GAS AND ELECTRIC COMPANY, Appellant.

MUNICIPAL ORDINANCE—VIOLATION MADE MISDEMEANOR—PROSECUTION RESULTING IN FINE A CRIMINAL ACTION.—An action prosecuted in the police court for the infraction of a municipal ordinance the violation of which was declared to be a misdemeanor punishable by a fine or imprisonment, and which resulted in a sentence imposing a fine, is a criminal and not a civil action.

ID.—AFFIRMANCE BY SUPERIOR COURT OF CONVICTION IN POLICE COURT—SUPREME COURT HAS NO JURISDICTION OF APPEAL—APPELLATE JURISDICTION IN CASES INVOLVING LEGALITY OF MUNICIPAL FINE.—Under section 4 of article VI of. the present state constitution, the supreme court has no jurisdiction of an appeal from a judgment of the superior court affirming on an appeal to it the judgment of conviction of the police court. The provision of that section of the constitution, giving the supreme court appellate jurisdiction in all cases at law involving the legality of a "municipal fine," does not include criminal cases imposing fines for the violation of a city ordinance. That provision refers only to civil as distinguished from criminal cases.

ID.—CONSTITUTIONAL CONSTRUCTION—IDENTICAL PROVISION IN PRIOR CONSTITUTION.—Where such judicial construction had been placed upon a similar provision found in the state constitution of 1849, defining the jurisdiction of the supreme court, it must be presumed that the people, in adopting the language of the provision of the constitution of 1879, did so with knowledge of the construction which had been given to it, and with the intention that it should have the same meaning.

MOTION to dismiss an appeal from a judgment of the Superior Court of Sacramento County. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

Wm. B. Bosley, Thos. J. Straub, and L. T. Hatfield, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

SHAW, J.—In this case the respondent moves to dismiss the appeal, on the ground that the supreme court has no appellate jurisdiction of the case.

The defendant was convicted in the police court of the city of Sacramento, of the offense of violating an ordinance of that city, and was sentenced to pay a fine of four hundred dollars. The ordinance required every person or corporation operating a street-railroad in the city to sprinkle with water a sufficient portion of the street in and near its tracks to prevent the motion of the cars from raising dust, and declared that a violation thereof should be a misdemeanor, punishable by a fine or imprisonment. The defendant owned and operated a street-railroad in Sacramento. On appeal to the superior court of Sacramento County the judgment of conviction in the police court was affirmed. From this judgment of affirmance in the superior court, the defendant has attempted to take an appeal to the supreme court.

The jurisdiction of the supreme court and the district courts of appeal is prescribed by section 4 of article VI of the constitution. The portions thereof material to the question here involved are as follows:

"The supreme court shall have appellate jurisdiction on appeal from the superior courts in all cases in equity, except such as arise in justices' courts; also, in all cases at law which involve the title or possession of real estate, or the legality of any tax, impost, assessment, toll, or municipal fine, or in which the demand, exclusive of interest, or the value of the property in controversy, amounts to two thousand dollars; also, in all such probate matters as may be provided by law; also, on questions of law alone, in all criminal cases where judgment of death has been rendered": . . .

"The district courts of appeal shall have appellate jurisdiction on appeal from the superior courts in all cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to three hundred dollars, and does not amount to two thousand dollars; also, in all cases of forcible and unlawful entry and detainer (except such as arise in justices' courts), in proceedings in insolvency, and in actions to prevent or abate a nuisance; in proceedings of *mandamus, certiorari,* and prohibition, usurpation of office, contesting elections and eminent domain, and in such other special proceedings as may be provided by law (excepting cases in which appellate jurisdiction is given to the supreme court); also, on questions of law alone, in all criminal cases prosecuted by indictment or information in a court of record,

excepting criminal cases where judgment of death has been rendered.''

There is a corresponding provision relating to the original jurisdiction of the superior court, which is as follows:

''The superior court shall have original jurisdiction in all cases in equity, and in all cases at law which involve the title or possession of real property, or the legality of any tax, impost, assessment, toll, or municipal fine, and in all other cases in which the demand, exclusive of interest or the value of the property in controversy amounts to three hundred dollars, and in all criminal cases amounting to felony, and cases of misdemeanor not otherwise provided for'': The section proceeds to enumerate other cases in which the superior court has jurisdiction which it is not necessary here to mention. (Art. VI, sec. 5.)

One of the points urged against the validity of the judgment of conviction is that the ordinance of the city of Sacramento is unconstitutional. The contention of the defendant is that this claim brings the case within the appellate jurisdiction of the supreme court because it brings directly in question the legality of a ''municipal fine.'' It is argued that the term ''municipal fine'' as used in the constitutional provision above quoted includes fines imposed for a violation of a city ordinance. It has long been settled that actions of this character are criminal and not civil actions. (*Santa Barbara* v. *Sherman,* 61 Cal. 57.) Practically the same question that is involved here was before this court in 1866 in *People* v. *Johnson,* 30 Cal. 98, and was there decided adversely to appellant's contention. The defendant there was convicted in the court of a justice of the peace of the offense of unlawfully collecting toll without a license, which was declared by statute to be a misdemeanor. On appeal to the county court the conviction was affirmed. Thereupon the defendant undertook to appeal to the supreme court, claiming that the case involved the validity both of a toll and of a municipal fine within the meaning of the constitution. The court held that it was not a municipal fine within the meaning of the constitution. Taking up the question of jurisdiction upon the theory that it involved the legality of a ''toll,'' the court, after quoting the constitutional provision then in force, which was in all substantial particulars identical with that now in force, said: ''The power conferred in the foregoing language relates to

four separate branches of the general subject, which are separately and specifically enumerated: 1. Cases in equity. 2. All cases at law of a certain character. 3. All cases arising in the probate courts. 4. All criminal cases of a certain grade. In view of this clear and precise division of the subject matter aside from the ordinary import of the words 'cases at law,' it is clear that those words refer only to civil as distinguished from criminal cases. Equity cases are first provided for; then civil cases at law; then probate cases; and lastly, criminal cases. That such is the true reading is made still more obvious by a reference to the sixth section of the same article which defines the jurisdictions of the district courts where the same language is used.'' The sixth section referred to is substantially the same as the fifth section above quoted from our present constitution.

We are entirely satisfied with the reasoning and decision in *People* v. *Johnson.* *People* v. *Johnson* was cited and approved in *Wheeler* v. *Donnell,* 110 Cal. 657, [43 Pac. 1]. A similar question was decided in *Matter of Curtis,* 108 Cal. 661, [41 Pac. 793], declaring that the jurisdiction of the supreme court in criminal cases extends only to those which are prosecuted by information or indictment. The decision in *People* v. *Johnson* had established the meaning of this clause in the constitution of 1849 as embracing civil cases only, and the people in the constitution of 1879 adopted the same language to define the jurisdiction of the supreme court. It must be presumed that this language was selected with knowledge of the construction which had been given to it and with the intention that it should have the same meaning. (*Sharon* v. *Sharon,* ·67 Cal. 189, [7 Pac. 456, 635, 8 Pac. 709] ; *People* v. *Edwards,* 93 Cal. 153, [28 Pac. 831] ; *People* v. *O'Brien,* 96 Cal. 181, [31 Pac. 45] ; *Morton* v. *Broderick,* 118 Cal. 483, [60 Pac. 644] ; *People* v. *Webb,* 38 Cal. 477; *People* v. *Coleman,* 4 Cal. 50, [60 Am. Dec. 581].) The question must be considered as settled.

The appeal is dismissed.

Melvin, J., Lorigan, J., and Henshaw, J., concurred.

Sloss, J., being disqualified, does not participate in the foregoing.