[Crim. No. 1493. First Appellate District, Division Two.—October 4, 1928.]

In the Matter of the Application of ROBERT PERRY for a Writ of Habeas Corpus.

Harry S. Whitthorne for Petitioner.

U. S. Webb, Attorney-General, Matthew W. Brady, District Attorney, and August L. Fourtner, Assistant District Attorney, for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is a petition to this court in behalf of Robert Perry for his discharge on *habeas corpus*. The petition was filed by Harry S. Whitthorne. A hearing was had and the following facts appeared.

Robert Perry was charged with robbery, committed on the third day of March, 1928. On June 19, 1928, he was convicted by a jury in the superior court of the city and

county of San Francisco of robbery in the first degree. On June 21, 1928, the same jury found him insane at the precise time that he committed the robbery. Thereafter, and on the thirteenth day of July, 1928, said Robert Perry was charged by an indictment returned by the grand jury of the city and county of San Francisco with a felony, to wit, a violation of section 2 of chapter 339, Statutes of 1923, the charging part of said indictment being as follows: "Robert E. Perry is accused by the Grand Jury of the said City and County of San Francisco, State of California, by this indictment, of the crime of felony, to-wit: Violating the provisions of Chapter 339 of the Statutes of 1923, committed as follows: The said Robert E. Perry having been, before the 3rd day of March, 1928, in the Superior Court of the State of California, in and for the County of Los Angeles, convicted of the crime of felony, to-wit, Grand Larceny, and upon said conviction was delivered to the State Penitentiary at San Quentin, California, for confinement on the 4th day of October, 1924, and he, the said Robert E. Perry, did thereafter, to-wit, on or about the 3rd day of March, 1928, in the City and County of San Francisco, State of California, wilfully, unlawfully and feloniously possess and carry concealed upon his person a certain firearm, to-wit, a loaded revolver, less than twelve inches in length, and then and there capable of being concealed upon the person. . . . "

A bench warrant was issued upon this indictment and Perry was arrested and in default of bail is now held in the county jail. On July 27, 1928, Perry was duly and regularly arraigned in the superior court of the city and county of San Francisco under said indictment and entered five separate and distinct pleas, among them being the following:

"Second: The defendant pleads that he has already been acquitted of the offense charged by judgment of the Superior Court of the City and County of San Francisco, State of California, Department No. 12 thereof, rendered at San Francisco, State of California, on the 21st day of June, 1928;

"Third: The defendant pleads that he has been once in jeopardy for the offense charged by judgment of acquittal in the Superior Court of the City and County of San Francisco, State of California, Department No. 12 thereof, at

San Francisco, State of California, on the 21st day of June, 1928;

"Fourth: The defendant pleads that he is not guilty of the offense charged because he was insane at the time that he is alleged to have committed the unlawful act."

After the entry of these pleas the trial court regularly set the case for trial and the said Perry is now in the county jail awaiting trial.

The principal grounds upon which Perry bases his application for a release are that he has been "once in jeopardy," and that he has been acquitted of the same offense by reason of the fact that the jury found him insane at the precise time that he committed the robbery, and that as he used the pistol in the commission of the robbery, he, therefore, cannot now be tried for the separate offense of having the pistol in his possession; or, in other words, it is claimed that the possession of the pistol is a necessary and inseparable part of the crime of robbery in the first degree, and that a finding by the jury that he was not guilty of the robbery by reason of insanity, necessarily includes therein the finding that he was also not guilty of having the pistol in his possession.

The law is well settled that the defense of former acquittal or conviction in one trial is a matter of defense to be relied upon in the second trial; it does not go to the jurisdiction and affords no ground for release upon *habeas corpus*. (*In re Collins*, 151 Cal. 340 [129 Am. St. Rep. 122, 90 Pac. 827, 91 Pac. 397]; *Ex parte Hartman*, 44 Cal. 32.) Therefore, Perry having entered his plea of "once in jeopardy" to the indictment for the possession of the pistol, merely puts in issue in that case the question as to whether or not he has been actually acquitted of that charge, and that is a matter to be determined first by the trial court. Petitioner is, in effect, asking this court to say, in advance of the trial in the superior court, that Robert Perry's pleas of "once in jeopardy" and "former acquittal," etc., are good. This we are not called upon to do in this proceeding.

It is to be presumed that the trial court will rule correctly upon all defenses and pleas made by Perry in the case of the *People of the State of California* v. *Robert Perry*, now pending in the superior court of the city and county of San Francisco. If not, the error can be corrected on appeal.

Petitioner further contends that there is no dispute about the facts, and therefore the question of "former jeopardy" or "former acquittal" is one of law for the court to determine. We cannot agree with this contention. The case has not yet been tried and no one is now able to say that there will be no dispute about the facts when the case is tried. The evidence may show that Perry had the pistol the day before the robbery or even ten minutes before the robbery, and at a time when he was perfectly sane. If such be the case, his pleas of "once in jeopardy" or "former acquittal" of the robbery charge would avail him nothing.

Other points raised by petitioner do not require discussion.

The said Robert Perry is remanded to the custody of the sheriff of the city and county of San Francisco, and the writ is discharged.

Nourse, J., and Koford, P. J., concurred.