[Crim. No. 1943. Second Appellate District, Division Two.—March 1, 1930.]

In the Matter of the Application of JACOB BERMAN for a Writ of Habeas Corpus.

Otto Christensen for Petitioner.

Buron Fitts, District Attorney, and Robert P. Stewart and Wm. R. McKay, Deputies District Attorney, for Respondent.

CRAIG, J.—The petitioner seeks to be released from custody of the sheriff of Los Angeles County through a writ of *habeas corpus*. ▆ A plea of once in jeopardy and acquittal was interposed in the Superior Court, and thereafter a motion to dismiss was made, and was denied. The facts upon which the plea was based were stipulated to be that the substantive offense of bribery charged in the indictment under which the petitioner is now held (being herein referred to as indictment No. 35221) is also pleaded and charged in another indictment (herein referred to as indictment No. 35361) upon which the petitioner was tried and acquitted. The charge under indictment No. 35361 was tried and pursuant to section 1099 of the Penal Code was dismissed as to the defendant Berman.

It appeared that indictment No. 35361 charged the defendant with "conspiracy to commit the crime of giving and offering a bribe in violation of the provisions of section 67 of the Penal Code, a felony, and the crime of asking, receiving and agreeing to receive a bribe in violation of the provisions of section 68 of the Penal Code." Indictment No. 35221 charges the petitioner and others with the crime of bribery. The facts necessary to a disposition of the plea of double jeopardy having been before the court, it only remained to pass upon the legal issue thus presented, and it was the right of the defendants to have a ruling thereon at once.

In passing upon the petition for a hearing the Supreme Court (in denying a hearing) in *People* v. *Keyes et al., post,* p. 624 [284 Pac. 1096], held that although the defendant Keyes was improperly charged with having conspired with other defendants to give and offer a bribe, and although it was held that there is "no room for the operation of a charge of conspiracy" as between the person who asks and the one who offers a bribe because "bribery requires for its consummation the unlawful concert of one or more persons acting with one or more persons having a different motive or purpose," still under such an indictment, and that particular indictment, in view of the existence in said indictment No. 35361 of allegations showing an unlawful and felonious agreement on the part of Keyes to accept a bribe, the defendant Keyes was legally convicted of the substantive offense of accepting a bribe from the other defendants. It follows that this petitioner, one of the defendants in the last-mentioned indictment, might have been convicted of the substantive offense of bribery under the allegations which were ample in charging an unlawful and felonious agreement upon his part to give and offer the same bribe charged as a substantive offense in indictment No. 35221. In view of the language of the Supreme Court to which we have adverted, it is unnecessary and inappropriate to consider other authorities cited in argument and apparently relied upon by the trial court.

It is ordered that the petitioner be discharged.

Works, P. J., and Thompson (Ira F.), J., concurred.