[Crim. No. 3145. First Dist., Div. Two. Nov. 9, 1955.]

THE PEOPLE, Appellant, v. HIRAM MIMS, Respondent.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Appellant.

Edward T. Mancuso, Public Defender, and Abraham M. Dresow, Chief Deputy Public Defender, for Respondent.

DOOLING, J.—The People appeal from an order of the Superior Court granting respondent's motion to set aside an information charging him with a violation of Penal Code, section 666 (petty theft after a previous conviction of petty theft). The motion was made and granted on the ground that respondent had been once in jeopardy.

Respondent was charged with petty theft (Pen. Code, § 488) in the municipal court. He pleaded guilty on January 20, 1955; his plea was regularly entered and the municipal judge continued the case to January 27, 1955, for judgment. On January 21, 1955, the district attorney filed a complaint in the municipal court charging the violation of Penal Code, section 666. It is agreed that this complaint is based on the identical taking of property which was the basis of the charge of petty theft to which respondent had already pleaded guilty.

Upon motion of the district attorney the municipal court set aside respondent's plea of guilty to the charge of petty theft. Over respondent's objection that by reason of the entry of his plea of guilty to the petty theft charge he had been once in jeopardy the municipal court held a preliminary hearing on the complaint charging violation of Penal Code, section 666, and held respondent to answer.

On his arraignment in the superior court on the information charging this violation respondent moved to set aside the information under Penal Code, section 995, on the ground that he had been once in jeopardy. After being once denied, this motion was later renewed and granted.

▮ Appellant makes two points: 1. That the defense of once in jeopardy cannot be raised by a motion under Penal Code, section 995; 2. That jeopardy had not attached in this

case upon the entry of respondent's plea to the charge of petty theft.

The attorney general asks us to decide the second question even though we agree with his argument on the first. This seems proper since the same question will recur in this very case at a later stage if we reverse the present order on the technical ground that a motion under Penal Code, section 995, is not the proper manner in which to present the defense of once in jeopardy. We therefore consider first the question whether jeopardy did attach on the entry of respondent's plea of guilty to the charge of petty theft.

It is agreed that the charge of petty theft to which respondent pleaded guilty was an offense necessarily included in the later charge of violating Penal Code, section 666, and it is settled that where jeopardy has attached on a charge of an offense necessarily included in another the jeopardy in the lesser is a bar to a prosecution for the greater offense. (*People* v. *Greer,* 30 Cal.2d 589, 597 [184 P.2d 512]; *People* v. *Krupa,* 64 Cal.App.2d 592, 598 [149 P.2d 416]; *People* v. *Ny Sam Chung,* 94 Cal. 304 [29 P. 642, 28 Am.St.Rep. 29].)

The appellant relies heavily on Penal Code, section 1429, which provides, so far as relevant here, that: "In the case of a misdemeanor triable in any inferior court . . . If such defendant pleads guilty, the court may, before entering such plea or pronouncing judgment, examine witnesses to ascertain the gravity of the offense committed; and if it appear to the court that a higher offense has been committed . . . the court may order the defendant to be committed or admitted to bail, to answer any indictment . . . or any complaint which may be filed charging him with such higher offense." Appellant points out that this section is in the alternative ("before entering such plea *or* pronouncing judgment") and argues that it authorizes a holding to answer for the higher offense at any time before judgment even though a plea of guilty has been entered to the lesser.

The right not to be placed twice in jeopardy for the same offense is constitutional (Cal. Const., art. I, § 13.) It follows that if jeopardy does in fact attach upon the regular entry of the plea of guilty that part of section 1429 which provides for a holding to answer for a higher offense after the entry of a plea of guilty to a lesser necessarily included offense must be held unconstitutional.

Both parties rely heavily upon *People* v. *Krupa, supra,* 64 Cal.App.2d 592. In *People* v. *Krupa* the defendant after

pleading guilty to the lesser included offense was actually sentenced. Judgment having been pronounced on the plea of guilty in the Krupa case anything said by the court about the effect of a plea of guilty before judgment is only dictum. The question was squarely presented however in *People* v. *Goldstein,* 32 Cal. 432. In that case after a plea of guilty had been entered but before judgment a second indictment was returned for the same offense. The court said at page 433:

''Where a defendant pleads guilty, and his plea is entered of record as provided in the Criminal Practice Act, (Sec. 300) he stands convicted in the eye of the law as fully as he would have been by a verdict of guilty. He is convicted by his plea, and there is, therefore, no occasion for a trial, and nothing remains to be done except to pronounce judgment. On the question of former conviction there can be no distinction between a plea and a verdict of guilty, for both are followed by the same consequences.

''Nor is it necessary that a judgment should have been pronounced upon the conviction to make the plea of former conviction good.''

The reasoning of this case appears to us to be unanswerable, but even if it were open to question, under a well settled principle of constitutional construction, we are foreclosed from reexamining it now. The right not to be placed twice in jeopardy for the same offense was contained in the California Constitution of 1849. (Const. 1849, art. I, § 8.) It was that constitutional provision which the Supreme Court construed in *People* v. *Goldstein, supra.* The same provision against being placed twice in jeopardy was readopted in the present Constitution. It is settled by a long line of authorities that where a provision of the earlier Constitution had been construed by the Supreme Court it must be presumed that the framers of the present Constitution in readopting it intended it to have the same effect. (*In re Lavine,* 2 Cal.2d 324, 331 [41 P.2d 161, 42 P.2d 311]; *People* v. *District Court of Appeal,* 193 Cal. 19 [222 P. 353]; *United Railroads* v. *Superior Court,* 170 Cal. 755, 763 [151 P. 129, Ann.Cas. 1916E 199]; *People* v. *Pacific Gas & Elec. Co.,* 168 Cal. 496, 499 [143 P. 727, Ann.Cas. 1917A 328]; *Morton* v. *Broderick,* 118 Cal. 474, 483 [50 P. 644]; *McBean* v. *City of Fresno,* 112 Cal. 159, 168 [44 P. 358, 53 Am.St.Rep. 191, 31 L.R.A. 794]; *Ex parte Ahern,* 103 Cal. 412, 414 [37 P. 390]; *People* v. *Edwards,* 93 Cal. 153, 158 [28 P. 831]; *Lord* v.

*Dunster,* 79 Cal. 477, 485 [21 P. 865]; *Sharon* v. *Sharon,* 67 Cal. 185, 189 [7 P. 456, 635, 8 P. 709].) ██ We conclude that the regular entry of the plea of guilty placed respondent in jeopardy within the meaning of article I, section 13, of our Constitution.

██ This being so, that portion of Penal Code, section 1429 which reads "or pronouncing judgment" must be held unconstitutional as applied to the facts of this case where the plea of guilty to the necessarily included offense had been accepted by the municipal court and regularly entered in its minutes. A like question was considered in *People* v. *Hunckeler,* 48 Cal. 331. In that case the defendant had been placed on trial before a jury for manslaughter, and after witnesses had been examined the court without the defendant's consent dismissed the jury so that the defendant might be indicted for murder. On the subsequent murder charge the defendant pleaded once in jeopardy and the Supreme Court held that this plea was good. In dismissing the jury in the manslaughter proceeding the trial judge relied on a then section of the Penal Code (§ 1112) which provided: "If it appears by the testimony that the facts proved constitute an offense of a higher nature than that charged in the indictment, the Court may direct the jury to be discharged . . . and may order the defendant to be committed or continued on, or admitted to bail to answer any indictment which may be found against him for the higher offense." The court disposed of this statute in a single sentence (48 Cal. 334) : "And when a person has been placed in actual jeopardy, the jeopardy cannot be repeated without his consent, whatever statute may exist on the subject." Similarly it has been repeatedly held that a statute cannot constitutionally confer on the People the right to appeal in any criminal case in which jeopardy has actually attached to the defendant. (14 Cal.Jur.2d, Criminal Law, § 192, pp. 436-437 and cases collected in the notes.)

The manner in which the pleas of once in jeopardy and former conviction must be made is provided in Penal Code, sections 1016 and 1017, and the cases hold that the plea must be entered in the manner provided by statute or it is waived. (*In re Harron,* 191 Cal. 457, 467-468 [217 P. 728]; *In re Burns,* 78 Cal.App.2d 294, 301 [177 P.2d 649]; *People* v. *Allen,* 47 Cal.App.2d 735, 748 [118 P.2d 927]; *In re Perry,* 94 Cal.App. 235, 237 [270 P. 996]; 14 Cal.Jur.2d, Criminal Law, § 195, pp. 440-441.) Penal Code, section 995, makes no

provision for raising the question of once in jeopardy. Respondent contends that, since the addition of subdivision 2 to the grounds for attacking an information under section 995, i.e.: "That the defendant had been committed without reasonable or probable cause," the motion under that subdivision is as broad as an attack on an information by habeas corpus under the similar language of Penal Code, section 1487, subdivision 7.

Counsel has cited no case, and we have found none, in which the court has held that the defense of once in jeopardy can be raised by habeas corpus under Penal Code, section 1487, subdivision 7. The reasoning of the decided cases indicates that this cannot be done. The defense, as we have seen, may be waived and is in fact waived if the defendant does not interpose the plea in the manner provided by section 1017. Since the defense may be waived it is not jurisdictional. (*In re Collins*, 151 Cal. 340, 350 [90 P. 827, 91 P. 397, 129 Am.St.Rep. 122]; *In re Burns, supra,* 78 Cal.App.2d 294, 302; *People* v. *Allen, supra,* 47 Cal.App. 2d 735, 748.) Not being jurisdictional, unless the defense is specially pleaded, the defendant may be tried and convicted. It follows that if he may be convicted it cannot be said that there is not reasonable and probable cause for holding him to answer.

In cases such as *Coumas* v. *Superior Court,* 31 Cal.2d 682 [192 P.2d 449] and *Jackson* v. *Superior Court,* 10 Cal.2d 350 [74 P.2d 243, 113 A.L.R. 1422], allowing prohibition to prevent a second trial, and *In re Berman,* 104 Cal.App. 259 [286 P. 1043], allowing habeas corpus, the plea of once in jeopardy had been entered in the manner required by section 1017 before the writ was applied for. They are not authority that the question can be raised in any fashion except by the special plea under that section of the Penal Code. The point, while extremely technical, seems sound.

The order is reversed without prejudice to the respondent presenting this defense by plea in the manner provided in section 1017, Penal Code.

Nourse, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied November 23, 1955, and appellant's petition for a hearing by the Supreme Court was denied December 8, 1955.